HARTFORD ACCIDENT AND INDEMNITY COMPANY, Respondent, *v.* MARY R. BREEN, as Administratrix of the Estate of JOHN J. BREEN, Deceased, Appellant, et al., Defendants.

Third Department, July 10, 1956.

272

*William F. McDermott* for appellant.

*Morris Simon* and *Bernard Simon* for respondent.

FOSTER, P. J. The respondent insurance company has obtained a declaratory judgment to the effect that a part of a policy of liability insurance issued in the State of Massachusetts was void so far as an accident in the State of New York is concerned.

The policy of insurance in question was issued to Virginia M. Touponce on September 2, 1954 to cover a 1941 Buick sedan automobile. It was issued on the application of Mrs. Touponce made the day before. The policy contained four types of coverage specified as A, B, C and D. Coverage A had to do with liability incurred in the State of Massachusetts where insurance coverage is compulsory. With regard to this coverage the policy provided " no statement made by the insured or on his behalf

either in securing this policy or in securing registration of the motor vehicle, no violation of the terms of this policy and no act or default of the insured, either prior to or subsequent to the issuance of this policy, shall operate to defeat or void this coverage so as to bar recovery by a judgment creditor proceeding in accordance with the laws of the Commonwealth of Massachusetts ''.

Coverage B had to do with liability for bodily injury generally and other than as required by statute in the State of Massachusetts. This coverage was optional and extraterritorial. In connection with this coverage there was no clause denying the right of the insurer to defeat the policy if the same was shown to have been issued as the result of false representations, and apparently there is nothing in the statute law of Massachusetts which requires any such clause when the coverage is optional. Paragraph 14 of the policy states '' by acceptance of this policy the named insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance.''

After the execution of the policy the insured car was registered in the name of the defendant Virginia Touponce in the State of Massachusetts. A few days later, September 11, 1954 to be exact, her husband William Touponce was driving the car in Rensselaer County, New York and came into collision with an automobile owned and operated by John J. Breen. As a result of this accident both Touponce and Breen were killed, and one Kenneth Julieano, an infant passenger in the Touponce car, was injured. Following this accident the appellant Mary R. Breen, as administratrix etc. brought an action in the United States District Court for the Northern District of New York against Virginia Touponce for the wrongful death of her husband John J. Breen. Another action was brought in behalf of the infant Julieano in the Supreme Court of Rensselaer County for personal injuries arising out of the accident. Thereafter the plaintiff insurance company, after it had secured a nonwaiver agreement from the defendant Virginia Touponce, commenced an action for a declaratory judgment to the effect that coverage B in the policy was void *ab initio* by reason of her false representations when she made the application for the policy. Mary R. Breen as administratrix etc. was made a party defendant, and she is the appellant here. The infant Julieano is not a defendant because service upon him was not properly made. The

defendant Virginia Touponce was represented by counsel at the trial of the action before an Official Referee.

The proof indicates overwhelmingly that the defendant Virginia Touponce knowingly made false answers to questions on the application blank concerning her ownership of the car, whether it had ever been registered before by another member of her household during the calendar year, and whether any other motor vehicle insurance on the same car had been cancelled against any member of her household during the last three years. She also falsely asserted that she acquired the car from one Robert Schultz at Averill Park, New York, in December, 1953. As a matter of fact she did not purchase the car and never owned it. The application was made by her, and the insurance obtained, so that her husband could operate the car, she admitted. She knew that his former insurance had been cancelled.

She was a witness for the plaintiff on the trial and readily admitted her part in the fraudulent application. The defendants put in no proof, and curiously enough they did not rest but merely made a motion to dismiss the complaint. This fact would not appear to be of much consequence however because thereafter the defendant Breen submitted proposed findings which were passed upon by the Official Referee.

As the case reaches us the defendant Breen asserts that plaintiff has an adequate remedy at law and therefore an action for declaratory judgment was not proper. It seems hardly necessary to spend much time on this point for there are many cases where declaratory judgments have been granted in connection with the construction of policies of liability insurance where the same matter could have been pleaded as an affirmative defense if an action had been brought on the policy. Under such circumstances whether an action for a declaratory judgment will be entertained is discretionary with the court.

Defendant-appellant also urges that plaintiff waived any false representations in the application for the insurance policy because it paid the defendant Virginia Touponce the sum of $463 by two checks under a clause of the policy (coverage D) relating to medical payments. These payments were made on October 6, 1954 and the Official Referee found that plaintiff and its agents did not know of the false representations made by Virginia Touponce prior to the 13th day of October, 1954. While this finding involves the credibility of plaintiff's witness James E. Tunney, who was a claim representative for the plaintiff, there seems to be no good reason for disturbing it on appeal.

Certainly it cannot be said from the record that it is against the weight of evidence. But under this point defendant-appellant also asserts that plaintiff has not demanded a repayment thereof. This assertion is apparently correct but we do not think this fact impairs the plaintiff's right to seek avoidance of coverage B. It could not be held to have waived that which it did not know, and if its knowledge of false representations was not acquired until after the payments were made then we think it could do as it liked with regard to a demand for the repayment thereof.

Defendant-appellant also asserts that the case presented a question of fact for a jury, citing a statute of the State of Massachusetts which provides in substance that a policy of insurance shall not be voided for misrepresentation unless there was an actual intent to deceive or unless the matter misrepresented increased the risk or loss. We assume that the defendant might have asked for a jury trial on this issue even in an action for declaratory judgment but she did not do so. In any event the falsehoods were so extensive that an intent to deceive is clear and convincing.

There is only one other issue raised by appellant that requires mention. Article 6-A of the New York Vehicle and Traffic Law is cited to support the claim that the policy in question could not be annulled for fraud. This statute however applies only to policies required to be carried by those persons found to be financially irresponsible, and does not apply to policies voluntarily carried by automobile owners, either resident or nonresident. As already indicated the coverage involved here was not compulsory under the laws of Massachusetts, and of course there is no evidence that the policy had been issued to the defendant Touponce as a financially irresponsible person within the meaning of the New York statute (*Cohen* v. *Metropolitan Cas. Ins. Co.*, 233 App. Div. 340; *American Lumbermens Mut. Cas. Co.* v. *Trask*, 238 App. Div. 668).

It is the general rule in this State that the rights of an injured party against an insurer are no greater than those of the assured (*Coleman* v. *New Amsterdam Cas. Co.*, 247 N. Y. 271). The same is true in Massachusetts, and in this case the rights of the defendant-appellant against the respondent insurance company can be no greater than those of the defendant Touponce, the assured (*Birnbaum* v. *Pamoukis*, 301 Mass. 559; *Potter* v. *Great Amer. Ind. Co.*, 316 Mass. 155). Obviously the defendant Touponce, because of her fradulent misrepresentations, would not have a good case against the respondent insurance company

under coverage B of the policy if she had paid a judgment recovered by the defendant-appellant, and the latter is in no better position. We see no valid reason why this proposition should not be the subject of a declaratory judgment.

The judgment should be affirmed, without costs.

BERGAN, COON, HALPERN and GIBSON, JJ., concur.

Judgment affirmed, without costs.