NATIONWIDE MUTUAL INSURANCE COMPANY *v.* TILLMAN, et al.

No. 42874 March 9, 1964 161 So. 2d 604

142

*Watkins & Eager,* Jackson, for appellant.

144

*Lee B. Agnew,* Jackson, for appellees.

BRADY, TOM P., J.

This case comes before us from the First Judicial District of Hinds County, Mississippi, upon appeal by appellant, Nationwide Mutual Insurance Company, from judgments in said court for appellees, on contests of answer to writs of garnishment in favor of appellees, arising out of injuries and damage caused by the collision between an automobile occupied by appellees and an automobile being operated by one Eddie Tellie (also known as Eddie Fisher) who had obtained insurance coverage from appellant in Buffalo, New York.

This case is somewhat unique in that not only by agreement did the trial judge preside as judge and jury, but also by agreement a written stipulation as to the facts was made a part of the record, based upon the pleading, exhibits, letters and other evidentiary data. Thus, without any oral testimony, issues were joined.

Briefly, the pertinent facts are as follows: On or about January 29, 1961, at approximately 6:40 P. M., appellee Charles Tillman, accompanied by his wife, Lula Mae Tillman, a passenger in his 1956 Studebaker Hawk automobile, had stopped said automobile at the intersection of Monument Street and Bailey Avenue in the City of Jackson, in response to a traffic light, and was waiting for said traffic light to turn from red to green

so that he could continue, when a 1955 Mercury automobile, being driven by one Eddie Tellie, a twenty-seven year old Negro, defendant below, (also known as Eddie Fisher), crashed into the rear of the automobile in which appellees were seated while awaiting the change of the traffic signal aforesaid. These and other pertinent facts hereinafter referred to are shown in the accident report by the two investigating city policemen, which is, by agreement, a part of the record. The resultant personal injuries, attendant medical expenses and property damage caused by said collision are fully set forth in the declaration of appellees.

On May 19, 1961, appellees filed separate suits in the aforesaid circuit court against defendant, said Eddie Tellie, also known as Eddie Fisher, a nonresident whose post office address was 135 Sherman, Buffalo, New York. Being a nonresident, service of process was obtained upon defendant through service upon the Secretary of State, under the provisions of §9352-61, Miss. Code 1942, Rec., and Amended. Charles Tillman, appellee and plaintiff below, in addition to personal injuries sustained, claimed medical expenses incurred of more than $50, and property damage of $196.80. Total, actual and punitive damage demanded was $5,000, with court costs.

Appellee, Mrs. Lula Mae Tillman, plaintiff below, claimed, in addition to injuries, medical expenses of more than $300, and loss of wages of approximately $360. The total amount of damages, actual and punitive, sued for by Mrs. Tillman was $50,000, and costs of court.

Summons in the two suits were served upon Heber Ladner, Secretary of State, on May 19, 1961.

In order that all pertinent facts may be reviewed, it is necessary to deal with considerable specific details.

The stipulation of facts, and the record reveal, that on May 22, 1961, the Secretary of State mailed a registered letter to Eddie Tellie, a.k.a. Eddie Fisher, at 135

Sherman, Buffalo, New York. This registered letter, No. 48,492, was received by the postmaster at Buffalo, New York, on May 24, 1961, and return receipt was requested. The letter was returned on May 26, 1961, marked ''unclaimed'', and was received by the Secretary of State May 29, 1961.

Eight months later, on January 22, 1962, two additional registered letters, Nos. 49,026 and 49,027, were mailed to the said Eddie Tellie, a.k.a. Eddie Fisher, at 135 Sherman, Buffalo, New York, which arrived at Station A, Buffalo, New York, on January 24, 1962. The postmaster at Station A, Buffalo, on January 23, 1962, was notified by the Secretary of State to change the address from 135 Sherman Street to 123 Sherman Street, which was done, and the letters containing a copy of the summons were refused by one Eddie Fisher, of 123 Sherman Street, Buffalo, New York, claiming that he was not the Eddie Fisher referred to, has never been known as ''Eddie Tellie'', and knows no one in Mississippi. This letter containing said information was returned by Postmaster Frank W. Dryans on January 25, 1962, and received by Secretary of State Ladner on January 27, 1962. Default judgment was taken by each of the appellees on March 8, 1962, against the said Eddie Tellie, a.k.a. Eddie Fisher, in the sums of $1,000 and $7,-500, respectively.

On the 26th day of April 1962, suggestions for writs of garnishment were issued on said default judgments, commanding appellant to appear and answer. Appellant's motion for thirty days additional time in which to answer was allowed by order of May 7, 1962, and on May 25, 1962, appellant answered both writs of garnishment in the negative as to the four standard questions of the aforesaid writs, and a fifth answer in defense asserted that the judgments entered were void.

Appellees-plaintiffs, on June 4, 1962, filed contests to the four answers to the writs of garnishment by

appellant, in which were incorporated a motion to strike the first sentence of Paragraph 5 of appellant's answer to the two writs of garnishment and propounded two interrogatories under §1712, Miss. Code 1942, Rec. The first sentence of Paragraph 5 of the answer to the writs of garnishment being as follows: "Further answering, the said garnishee avers that the judgment rendered herein is void." The interrogatories were: (1) State whether or not there is, or was, an owner's liability policy issued by Nationwide Mutual Insurance Company in the State of New York on or about December 17, 1960, insuring Eddie Tellie, and bearing policy No. 65-622-269; (2) if the answer to interrogatory No. 1 is "Yes", furnish a certified copy of said policy in its entirety.

On July 6, 1962, appellant, garnishee below, filed answer to the appellees' contest of answer to the writs of garnishment made by appellant.

This answer, in substance, denied liability of appellant to the appellees under the policy of insurance issued to the insured, Eddie Tellie, and pled that insured had violated certain conditions of notice, assistance and cooperation, the compliance with which appellant urges was conditions precedent to any liability under said policy, and the aforesaid Eddie Tellie having failed, refused and neglected to comply with the aforesaid conditions, in Paragraphs 1, 2, 9 and 19, the same being the conditions precedent of notice, assistance and cooperation, that the appellant-garnishee was relieved of any liability under said policy for any injuries or damages sustained by appellees arising out of said accident. In addition, the appellant-garnishee answered interrogatory No. 1 in the affirmative, and furnished a verified copy of the liability insurance policy, which is a part of the record.

On December 26, 1962, appellees answered and denied the four defenses asserted by appellant in the answers to appellees' contest of answers to the writs of garnish-

ment. On May 27, 1963, judgments were entered in favor of appellees, Charles Tillman, et ux, Lula Mae Tillman, for $1,000 and $7,500, respectively. The trial judge entered a written order and opinion therefor.

In the trial court the appellant, as garnishee, answered; denying that it (1) has been indebted to defendant; (2) that it had or has had any effects of defendant; stating (3) that it knows of no one who is indebted or has any effects of the defendant; (4) that it has no knowledge of any person having any effects of said defendant under their possession or control, and (5) that the judgment rendered is void.

The appellees filed a contest to the foregoing answers to the writ of garnishment by the garnishee-appellant alleging that appellant is indebted to the defendant in the sum of $1,000 and $7,500, the amount of the judgments obtained, plus legal interest against the defendant by appellees. Though a certain automobile insurance policy had been cancelled subsequent to the accident, it was in full force up to February 8, 1961, which date is subsequent to the wreck which occurred on January 29, 1961. The policy limits of $10,000 injury, of $20,000 death, and $5,000 property, amply covered the damages sustained by appellees, as shown by the judgments in their favor.

Appellees further pled that appellant was authorized to do business in the State of Mississippi, and appellees demanded judgment in the sum of $1,000 and $7,500, respectively.

A motion was made by appellee to strike the first sentence in Paragraph 5 of appellant's answer to the writ of garnishment, which was that the judgments were void. Two interrogatories were propounded also, and which were answered by the appellant admitting that it had issued a liability policy to the defendant and furnishing a copy of this policy.

We realize that there is some repetition of facts in the following statement, but we do so in order that the issues which were presented and determined in the trial court can be clearly presented here.

These issues were sharply drawn by the appellant's answer to the appellees' contest of the answer of the writ of garnishment by the garnishee-appellant. The issues were: (1) It denied that it was indebted to the appellees in the sum of $1,000 and $7,500, respectively, but admits that Policy No. 65-622-269 had been issued to Eddie Tellie and that it speaks for itself, and is attached to this pleading; (2) that under the conditions of said attached policy, under a section headed ''Conditions'', there were Conditions 1, 2, 9 and 19, the performance of which were precedent to any liability, because of the accident, by the insured, or before an action shall lie against the appellant. These four conditions are as follows:

''1. Notice of Accident or Occurrence (Coverages E, F, G, H, I and J). When an accident or occurrence takes place written notice shall be given by or on behalf of the Insured to the Company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the Insured and also reasonably obtainable information respecting the time, place and circumstances of the accident or occurrence, the names and addresses of the injured and of available witnesses.''

''2. Notice of Claim or Suit (Coverages E, F and H). If claim is made or suit is brought against the Insured, the Insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative.''

''9. Action Against Company (Coverages E, F and H). No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, nor

until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the Company as a codefendant in any action against the Insured to determine the Insured's liability. Bankruptcy or insolvency of the Insured or of the Insured's estate shall not relieve the Company of any of its obligations hereunder."

"19. Assistance and Cooperation of the Insured (Coverages A, B, C, D-1, D-2, E, F, H and J). The Insured shall cooperate with the Company, and upon the Company's request shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The Insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident."

The appellant next sets out its four defenses, based upon said four conditions, as follows:

## "FIRST DEFENSE

"That the defendant, Insured Eddie Tellie, violated the provisions of paragraph 1 above under said 'Conditions' section in that no notice was ever given by or on behalf of the Insured to the Company of the occurrence of the alleged accident. As a result of this lack of notice the garnishee was prejudiced and unable

to properly defend or investigate said alleged accident; that therefore, any coverage afforded under said policy to the named insured was suspended and by such breach of this policy provision garnishee was relieved of any liability under the policy.

## "SECOND DEFENSE

"That paragraph 2 under the 'Conditions' section of said policy requires the Insured in the event of suit to immediately forward to the Company every demand, notice, summons or other process received by him or his representative; that no notification, summons or any other item of writing or by verbal report was ever received by the Company regarding the alleged action upon which plaintiff's judgment was rendered; therefore, for the breach of said policy condition the garnishee herein was relieved of any liability under said policy.

## "THIRD DEFENSE

"That under paragraph 9 of the said 'Conditions' section of said policy the Insured is required to fully comply with the provisions of the attached policy as a condition precedent to any liability on the part of garnishee thereunder; that notwithstanding this provision the Insured Eddie Tellie completely failed, refused and neglected to comply with paragraphs 1, 2 and 19 under said 'Conditions' section and therefore the garnishee was relieved of any liability under said policy of insurance for any alleged injuries or damages arising out of said alleged accident to plaintiff.

## "FOURTH DEFENSE

"That under paragraph 19 of said 'Conditions' section the Insured is obligated to assist and cooperate with garnishee after the occurrence of any accident; that, however, the Insured disappeared immediately after said accident and after the garnishee was notified of

a pending claim on behalf of plaintiff it made diligent efforts to contact the Insured to ascertain any facts surrounding the alleged accident; that the Insured was never located and has yet to appear to give the garnishee any assistance or corporation in regard to said alleged accident and has therefore breached his obligation to assist and cooperate with the Company herein. That therefore coverage under said policy concerning said accident was terminated and the garnishee was relieved from any further liability thereunder.''

Thus the issues were presented by the appellant's defenses and appellees' answers thereto denying the four defense issues of the appellant, and appellee further denied the appellant's right to plead and prove such defenses on the ground that under the law it had waived this right.

The two suits having been consolidated on the trial thereof, an appeal, with supersedeas, was perfected by the garnishee-appellant, Nationwide Mutual Insurance Company, on the 30th day of May 1963, thereby presenting these consolidated cases for consideration to this Court upon an aforesaid stipulation as to certain facts for determination.

The errors assigned by the appellant are as follows:

''(1) The lower court erred in not finding that the original judgments against Eddie Tellie were void for insufficient process and notice.

''(2) The lower court erred in not finding that Eddie Tellie was a resident of the State of Mississippi at the time of accrual of the cause of action against him.

''(3) The lower court erred in not applying the clear law of the State of New York in the construction of the insurance contract.

''(4) The lower court erred in not finding that the policy had terminated for breach of the notice and cooperation clauses prior to judgment against Eddie Tellie.

"(5) The lower court erred in entering any judgments against Appellant herein."

Appellant's assignments of error here only partially embrace the defenses which were urged by the appellant in its answer as garnishee to appellee's contest of appellant's answer to the writ of garnishment. Laconically, the grounds of appellant-garnishee's answer are: (I) That the appellant is not indebted to the appellees in the sum of $1,000 and $7,500, respectively, as set forth in appellees' contest of answer of the appellant to the writ of garnishment; and (II) that the insured, Eddie Tellie, a.k.a. Eddie Fisher, had violated the condition sections of the policy of insurance issued by the appellant in that (1) he had failed to give the appellant notice of the accident, (2) that there was no notification of the demand or was there forwarded to appellant the written demand, summons or process received by said Eddie Tellie or his representative, (3) that the insured failed to comply with the foregoing two conditional requirements and with the hereinafter designated additional requirement and (4) said failure being that the insured Eddie Tellie failed to appear, could never be located, and did not give assistance and cooperation.

It is to be noted that the four defenses urged by the appellant in its answer to appellees' contest of appellant's answer to the writ of garnishment relate solely to the "Conditions" portion or section of Policy No. 65-622-629 issued by appellant. It is to be noted that only the fourth ground in the assignment of error was actually presented to, or considered by, the trial court by the appellant in its effort to prevent appellees' judgment upon the garnishment. Consideration of the third error assigned is of course inevitable. It is to be noted further that the appellant's answer to the appellees' contest of appellant's answer to the writ of garnishment lists but two grounds, both of which are directed exclusively to the question of whether or not the conditions

precedent in policy No. 65-622-629 had been breached
by the insured Eddie Tellie, thereby permitting the
appellant to disclaim coverage of the accident for the
protection of Eddie Tellie. Out of deference for the skill-
ful and persuasive efforts, as reflected in the briefs of
counsel, we are tempted to consider the other grounds
in the assignment of error, but to do so would terminate
a long-established rule of law which has long been rec-
ognized by this Court, namely, that if the lower court
does not have the opportunity and right to pass upon
the errors alleged to have been committed therein, we
will not here for the first time consider those errors.
Therefore, unless the first assignment of error, which
is that the process and notice is insufficient, the second
assignment of error that the aforesaid insured Eddie
Tellie was a resident of the State of Mississippi, and
the fifth and last assignment of error that the lower
court erred in entering judgments against appellant
herein can by proper or necessary implication be found
to be embodied in the two grounds urged by appellant
in its aforesaid answer to appellees' contest of appel-
lant's answer to the writ of garnishment, they have no
place for proper consideration in this Court. These as-
signments are listed for the purpose of clarification
only.

The first paragraph of appellant's answer to appel-
lees' contest is the only portion of appellant's answer
which deals with any question of fact or law other than
the breach of conditions precedent by the insured Eddie
Tellie. This paragraph of appellant's answer denies
the allegations of appellees' Paragraph 1 of its contest
of answer by the appellant to the writ of garnishment.
It is necessary therefore that we consider that the first
paragraph of appellees' contest of appellant's answer
to the writ of garnishment provides. Briefly Paragraph
1 of appellees' contest to the appellant's answer to the
writ of garnishment simply asserts that the appellant

is indebted to the insured Eddie Tellie, defendant below, in the sums of $1,000 and $7,500 because of the default judgments obtained by the appellees against the insured, defendant below, Eddie Tellie, on May 8, 1962; that there was an owner's liability insurance Policy No. 65-622-269 issued to and protecting the insured, Eddie Tellie, by the appellee, with policy limits of $10,000 for bodily injuries, $20,000 death for two or more persons, and $5,000 property limits, that the appellant is authorized and qualified to do business in the State of Mississippi and has offices in the City of Jackson, Mississippi, that said policy was in full force and effect, and that therefore judgment is demanded against the appellant for the aforesaid sums of money. In addition to this, the aforesaid Paragraph 1 also contained a motion to strike the first sentence of Paragraph 3 of appellant's answer to the writ of garnishment which was that the hereinabove default judgments rendered were void. Said paragraph also embodied two interrogatories which were propounded to the appellant. It appears therefore that it is only by inference, because of the references in Paragraph One of appellees' contest of appellant's answer to the writ of garnishment relating to the fifth answer of the appellant to the garnishment that the first assignment of error of insufficient process and notice could possibly be construed to have been presented for consideration by the trial court. This is however restricted to the basic problem of whether or not the service was sufficient to make the default judgment valid and not void as asserted by appellant.

██ ██ First, in regard to Point I of appellant's brief which deals with the question of whether or not the process and notice to Eddie Tellie is sufficient so as not to void the default judgments taken against him, we must consider §9352-61 of the Miss. Code 1942, Rec., which provides "The acceptance by a nonresident of the rights and privileges conferred by the provisions

of this act, as evidenced by his operating, either in person or by agent or employee, a motor vehicle upon any public street, road, or highway of this state * * * shall be deemed equivalent to an appointment by such nonresident of the Secretary of State of the State of Mississippi to be his true and lawful attorney, upon whom may be served all lawful processes or summonses in any action or proceeding against him, growing out of any accident or collision in which said nonresident may be involved while operating a motor vehicle on such street, road or highway, or elsewhere in this state, * * * Service of such process or summons shall be made by the Sheriff of Hinds County, upon prepayment of the fees to which he is entitled by law, by serving two (2) copies of the process or summons for each non-resident defendant, with a fee of three dollars ($3.00) for each such defendant on the secretary of state or by leaving two (2) copies of said process or summons with the fee in the office of the secretary of state, *and such service shall be service upon said nonresident defendant with the same force and effect as if such non-resident had been personally served with such process or summons within the State of Mississippi.* One of the copies of such process or summons shall be preserved by the secretary of state as a record of his office. Notice of such service, together with a copy of the process or summons, shall be mailed forthwith as certified or reg-istered mail, restricted for delivery to addresses only and with postage prepaid, by the secretary of state to each such nonresident defendant at his last known ad-dress, which said address shall be written on the process or summons upon the issuance thereof by the clerk of the court wherein the action is pending, or such notice of service and copy of process or summons actually shall be delivered to the said defendant; and the de-fendant's return receipt or evidence of defendant's re-fusal to accept delivery of such certified or registered

mail, in case such notice and copy of process or summons are sent by certified or registered mail, or affidavit of the person delivering such notice and copy of process or summons, in case such notice and copy of process or summons actually are delivered, shall be filed in the court wherein such action is pending before judgment can be entered against such nonresident defendant. The secretary of state, upon receipt of such return receipt or evidence of the refusal of such defendant to accept delivery of such certified or registered mail, shall promptly return same to the clerk of the court wherein such action is pending; and the said clerk of the court shall promptly file and preserve same among the records of such action or proceeding. The court in which the action is pending may order such continuance as may be necessary to afford the defendant reasonable opportunity to defend the action. The venue of such action shall be either in the county where the cause of action accrued or in the county in which the plaintiff resides.'' In determining whether or not the service of process was sufficient as to give the trial court jurisdiction of the defendant and sufficient so as not to make the default judgments void, the question of constitutionality of this statute is not involved. Bouchillon v. Jordan, 40 Fed. Supp. 354. Appellant is correct in its assertion that the commonly called nonresident motor vehicle statute under which this cause arose should be strictly construed since the applicable statutes are in derogation of common law. Belt v. Adams, 124 Miss. 194, 86 So. 584; Rice v. McMullen, 207 Miss. 706, 43 So. 2d 195. Moreover, in determining whether the above-mentioned statute has been properly complied with, we approve the findings of the trial court that the insured, defendant below, Eddie Tellie, was a transient, nonresident of the State of Mississippi, hereinafter discussed, prior to the accident and at the time of the accident. We find that his last known creditable address, under the facts, was

123 Sherman Street, Buffalo, New York. There is some confusion, as evidenced in the record, as to whether or not the insured-defendant, Eddie Tellie's address was 135 Sherman Street, Buffalo, New York, or 123 Sherman Street, Buffalo, New York. These discrepancies arose because the appellees experienced great difficulty in ascertaining the last known address of the insured. Appellant contends that since the registered letters were mailed to the insured at 135 Sherman Street, which was not his last known address, and since the correct last known address was not written on the summons or process upon the issuance thereof by the clerk of the court wherein the action was pending, that the strict compliance of the statute had not been met and therefore there was no valid service. While it is true that the address given by the appellees in their declarations was 135 Sherman Street, Buffalo, New York, and it is true that the address written on each process issued by the clerk of the court was likewise the same address, and it is also true that this address apparently was believed to be the actual last known address of the insured, it was not his last known address. However, the record further discloses that the insured deliberately gave the officers investigating the wreck an erroneous address, listing his address as 236 George Street, thereby implying George Street in Jackson, Mississippi. The record discloses that the insured did not reside on George Street at the time of the accident, and had not resided there for some time, but resided at 123 Sherman Street in Buffalo, New York. We are led to the conclusion that the appellees did all in their power to determine the last known address of the insured, and upon ascertaining that 135 Sherman Street was an incorrect address, the secretary of state contacted by mail the Postmaster at Station A, Buffalo, New York, instructing him to change the address on the envelope bearing the summons to 123 Sherman Street, which ad-

dress appellees were finally able to determine as actually being in fact the last known address of the insured. This was done, and apparently upon the 25th day of January 1962 these letters bearing the summons were delivered to one Eddie Fisher, who actually resided at 123 Sherman Street, and then this Eddie Fisher asserted that he was not the Eddie Fisher referred to in the letters and that he had never been known as Eddie Tellie, and that he knows no one in Mississippi. This notice was given by Mr. Frank Bryans, Supt. of Post Office A, under Byron F. Blakely, Postmaster of said Station A, Buffalo, New York. Capital is made of the fact that the summonses were not addressed to 123 Sherman Street, but were addressed to 135 Sherman Street.

All of the pleadings in this case, and all of the exhibits, as reflected in the agreed stipulation of facts, reveal that the insured traveled under two names, that of Eddie Tellie, which he apparently used when convenient in New York, and Eddie Fisher when he was visiting in Mississippi.

The basic purpose of this act, as this Court has heretofore repeatedly stated, is to subject to the jurisdiction of the Mississippi courts nonresidents who are concerned or involved in this operation of automobiles within this state and within the terms of the statutes applying, in order that its citizens may assert as against such persons any proper claims in the courts of this State. Tanksley v. Dodge, 181 Fed. 2d 925. The other basic purpose of the act of course is to afford a nonresident defendant, who has sustained a wreck due to the operation of an automobile within this state, the opportunity to adequately defend himself in a suit arising therefrom. Fundamentally, the basic intention of the statute insofar as a nonresident is concerned, is to be sure that the nonresident and others concerned have proper notice of the pending suit and have reasonable opportunity to defend the action.

 That the insured Eddie Tellie was also known as Eddie Fisher must be accepted as a fact under the pleadings, under the letters, and under the stipulation of facts, and under all of which the burden of disproving it rested upon the appellant, which proof is lacking. We do not feel that the case of Cudahy Packing Company v. Smith, 191 Miss. 31, 2 So. 2d 347, is in point here because in that case the proof shows that there were a number of Cudahy Packing Companies situated at the same address in Chicago, and there was therefore merit in the contention that the only way the proper packing company could be deemed to have actually received notice was by conjecture. █ There is more than mere conjecture in the case at hand. First, the insured gave the police officers of Jackson an address at which he did not reside. Second, an erroneous address of 135 Sherman Street was acquired. But the proof shows that when insured sought to obtain the liability policy, he gave his name as Eddie Tellie and his address of December 14, 1960, as being 123 Sherman Street, Buffalo, New York. He set forth also in his application that his former address was 256 George Street, Jackson, Mississippi. This was not his last known address but his former address, as reflected by the application which he executed on December 14, 1960. When the appellees ascertained that the insured was claiming his last known address as being 123 Sherman Street, and when they promptly notified the Postmaster at Station A, Buffalo, New York, to correct the address from 135 to 123, we hold that they complied substantially with the basic requirements and the legislative intent of the aforesaid § 9352-61, so as to place the insured upon notice of the pending suit arising out of the accident in which he was involved regardless of whether he was known as Eddie Tellie or Eddie Fisher. We think therefore that the lower court was not in error in holding that the default judgments were properly granted to

the appellees even though this particular question of sufficiency of service of process was not presented to the lower court, except implicatively. We find further that the appellees also did everything in their power to give the insured and the appellant notice of the service in the manner set forth in the statute to the best of their ability, that they were diligent in their efforts, and that there was sufficient compliance with the statutory provisions even though the summons may not have borne the address of 123 Sherman Street, and even though the alias Eddie Fisher was served, rather than the defendant actually named, Eddie Tellie. It is illogical to assume, as appellant apparently contends, that there were two different Eddie Fishers residing at 123 Sherman Street, Buffalo, New York. It borders on the fantastic to further assume that the delivery of the letter was refused by the other Eddie Fisher, the wrong Eddie Fisher with the alias of Eddie Tellie.

The opinion in this case, because of the prolix statement of facts, abundant pleadings, excellent, but extensive briefs of counsel, and the numerous unfamiliar and complicated insurance laws of the State of New York is already too voluminous. Therefore it should be terminated as briefly as possible. For this reason, the governing statutes of the State of New York will not be set out verbatim.

■■ ■ Next considering Point II of appellant's brief, which maintains that the laws of the State of New York control the construction of the insurance contract, we agree that it is well-taken. The contract was executed in Buffalo, New York, and even though the accident happened in Mississippi, the fundamental rule of lex loci contractus applies and the laws of New York control in the construction of this contract, just as the fundamental rules of evidence and procedure require the laws of Mississippi to control in the trial of the case. Therefore, in determining liability or nonliability of the ap-

pellant, we must look solely to the laws, and the decisions of the courts of the State of New York. Southwestern Fire & Casualty Company v. Kovar, 227 Miss. 386, 86 So. 2d 356.

Point IV, appellant's last ground, which asserts that "there are no provisions under New York law which deprive the company of its right to disclaim coverage under the policy concerned for any breach of the terms of said policy contract" can be analyzed together with Point III which is that "the unexplained disappearance of Eddie Tellie immediately after the accident constituted a prima facie breach of the co-operation clause of the policy and terminated all coverage under the contract of insurance. Under the law as interpreted by the New York Supreme Court it is unnecessary to show prejudice to disclaim coverage for the defense of lack of co-operation and notice."

In sharp opposition to these claims by the appellant, the appellees strongly contend that there is absolute liability imposed upon the appellant under the terms of the New York Motor Vehicle Safety Responsibility Act, Art. 7, §330, et seq., of McKinney's Consolidated Laws of New York, Vehicle and Traffic Law, Anno. (Book 62A), and that the policy in this case is a motor vehicle liability policy as described in §345 of said Act, which provides for absolute liability.

If this contention of the appellees were true, it would necessarily resolve the other serious legal questions presented herein, and the judgments of the circuit court could be expeditiously affirmed. This contention of the appellees fails however for the reason that there is nothing whatsoever in the stipulation of facts showing that this contract is an insurance policy issued under the former Motor Vehicle Safety Responsibility Act, but to the contrary that it is a policy issued under the subsequent Motor Vehicle Financial Security Act, Art.

6, §§ 310 to 321 of McKinney's Consolidated Laws of New York, Anno., which is a compulsory insurance law.

The insured Eddie Tellie took the policy in question to comply with the State of New York's Motor Vehicle Financial Security Act rather than under the older Motor Vehicle Safety Responsibility Act. It is unnecessary herein to consider what provisions, if any, of the former Responsibility Act remain in force and effect or, are repealed by the subsequent Financial Security Act.

It is also unnecessary to decide whether the unexplained disappearance of the insured Eddie Tellie constituted a prima facie breach of the cooperation clauses of the policy, or that it is unnecessary for the appellant to show prejudice in order to disclaim coverage.

The contentions of the appellant can even be conceded, for the sake of argument, that the aforesaid conditions (1) of notice, (2) of notification and delivery of summons, etc., (3) of failure to comply with conditions (1) and (2), and (4) of failure to appear, give assistance and co-operation as set forth in appellant's policy under conditions 1, 2, 9 and 19, and still the appellant might not have had the right under the New York law to disclaim any and all liability under the policy contract.

The record fails to disclose that the insured gave the appellant any report of the accident, or forwarded any papers, letters, summons, etc., or complied with these two requirements; or rendered any assistance, furnished any co-operation whatsoever to the appellant. In passing, it is important that there is no proof of any collusion between the insured and the appellees or the appellant herein.

██ █ It is correct therefore, as is so ably presented in appellant's brief, that unquestionably the appellant-insurer had the legal right under the facts herein to raise the pertinent defense of lack of co-operation on the part of the insured, under the laws of the State

of New York, as reflected by its courts in their interpretations thereof. Section 167, McKinney's Consolidated Laws of New York, Anno., Insurance Law, subsection 1 (b) (Book 27, Part 1); National Grange Mutual Liability Company v. Fino, 212 N.Y.S. 2d 684, 13 A. D. 2d 10 (1961). The contentions of the appellees that the appellant's liability is absolute under the former Motor Vehicle Safety Responsibility Act are unquestionably not well-taken. Cohen v. Metropolitan Cas. Ins. Co. of New York, 233 A.D. 340, 252 N.Y.S. 841; Hartford Acc. & Indem. Company v. Breen, 153 N.Y.S. 2d 732, 2 A.D. 2d 271; National Grange Mutual Liability Company v. Fino, 212 N.Y.S. 2d 732, 13 A.D. 2d 10 (1961).

The ultimate question for solution here is, did the appellant, under the New York law, because of the aforesaid lack of co-operation on the part of the insured, have the right to disclaim coverage and thereby be relieved of liability to the insured and therefore to the appellees? Appellant contends that it had, and exercised that right, but the cases cited by both appellant and appellees fail to cite authorities that conclusively answer this basic question.

We attribute great importance to the fact that the Motor Vehicle Financial Security Act itself clearly indicates on the face thereof that the New York Legislature was solicitous for the victims of automobile accidents because of the injuries and financial loss inflicted upon them, and the New York courts hold that the co-operation clause in an automobile policy of New York must be viewed with this solicitude kept in mind. McKinney's Consolidated Laws of New York Anno., Vehicle and Traffic Law, Financial Security Act, Art. 6, § 310, p. 100 (Book 62-A). The New York courts have further held that the obligations under the co-operation clause are reciprocal in that, while the insured must co-operate under the conditions of the policy, there is also an obligation on the part of the insurer to exercise diligence

and good faith in bringing about co-operation. See Imperali v. Pica, 338 Mass. 494, 498, 156 N. E. 2d 44, 47. In the case of Pennsylvania Threshermen and Farmer's Mutual Casualty Insurance Company, 238 F. 2d 549, 550, 551 (4th Cir.), the New York Court, speaking through Judge Sobeloff, said: "The problem of non-cooperation has a duel aspect: not only what the assured failed to do, but what the insurer on its part did to secure co-operation from an apathetic, inattentive, or vanished policy holder, must be considered. Liability insurance is intended not only to indemnify the assured, but also to protect members of the public who may be injured through negligence. Indeed, such insurance is made mandatory in many states. It would greatly weaken the practical usefulness of policies designed to afford public protection, if it were enough to show mere disappearance of the assured without full proof of proper efforts by the insurer to locate him." There is also an obligation on the part of the insurer to disclaim coverage within a reasonable time, and to be diligent therein. The second obligation need not be considered here.

In the case of Wallace, et al. v. Universal Insurance Co., 238 N.Y.S. 2d 379, 18 A.D. 2d 121, (decided March 7, 1963), which is not cited in the briefs of counsel, we find the answer to our hereinabove stated ultimate, basic question. In the Wallace case the insured initially co-operated with the insurer and then disappeared, and whose whereabouts were not discovered and who thereafter failed to comply with the co-operative clause of the policy, the Court held that this did not warrant the placing of the burden of going forward with evidence on the judgment creditor or allow the reviewing court to disturb the trial court's findings in favor of judgment creditor.

The material facts in the Wallace case are briefly these: The plaintiffs, Wallace, et al., had recovered a judgment against one Frank Floyd in a personal injury

action resulting from the operation of an automobile owned by Floyd and upon which the defendant had issued a policy of insurance. Wallace is now seeking to charge the defendant with the amount of the judgment pursuant to Section 167 of the Insurance Law, supra. The defendant's contention, based on the construction of the predecessor statute to Section 167 in Coleman v. New Amsterdam Casualty Company, supra, is that Floyd had breached the condition of the policy requiring co-operation in the preparation, settlement and defense of the personal injury action. After a trial without a jury, as in the case at bar, the court found in favor of plaintiffs in the amount of the judgments previously obtained in the personal injury action, and the defendant appealed from the consequent judgment against it. The striking similarity of this case to the case at bar is quite obvious and is accentuated when the alleged failures of co-operation and the reciprocal responsibilities of the respective insurers are developed.

In the Wallace case, Floyd initially gave co-operation which included discussing the case with his attorneys, giving a written exculpatory statement and verifying an answer. At the request of his attorney, one Clark, the pre-trial examination was adjourned three times, and Floyd was available, but when it appeared that no further adjournment would be granted, Floyd disappeared and could never be contacted thereafter. Upon the appeal, it is pointed out in this case that "The core question raised by the record is whether defendant made adequately appropriate efforts that in the circumstances could have been reasonably contemplated to locate Floyd had he been available. The insurer's responsibility in this regard has received frequent recognition. As stated in Imperiali v. Pica, 338 Mass. 494, 498, 156 N.E. 2d 44, 47 'an insurer cannot be relieved of liability because of an alleged breach of a cooperation clause by the insured in a situation where it has not

itself exercised diligence and good faith * * * Elementary principles of justice and fair dealing require such a rule. The obligations under a cooperation clause are reciprocal. The insured must cooperate; but the insurer is under a duty to exercise diligence and good faith in bringing that about' (and see Shalita v. American Motorists Ins. Co., 266 App. Div. 131, 41 N. Y. S. 2d 507, leave to appeal denied 291 N.Y. 831, 51 N. E. 2d 67 where the parties stipulated that the insurer had made 'Every reasonable effort possible' to locate its insured). * * * Anno. 60 A. L. R. 2d 1146, 1163, 1166.''

In the Wallace case, the testimony regarding the efforts to locate the insured Floyd discloses greater efforts on the part of the defendant than are shown on the part of the appellant in the case at bar. In the Wallace case, the defendant relied upon the testimony of Clark who had Floyd's telephone number and called it, talking to a female voice which reported that it's possessor had not seen Floyd for weeks. The broker who had arranged Floyd's policy, and who lived in Floyd's building was contacted, after being written a letter which was received, and the broker advised that Floyd had moved and she did not know where he was. Several other letters were addressed to Floyd which were returned with an inscription indicating he had moved, as in the case at bar. In the defendant's behalf, Clark testified further that in endeavoring to locate Floyd, he examined the records of the Motor Vehicle Bureau, and the records at the Manhattan Board of Elections. He made further inquiries of the broker. He obtained two credit reports at different times in an endeavor to locate the defendant Frank Floyd from Universal, which indicated Floyd could not be found. It is pointed out that oddly, no information was ever requested of the police department, nor were Floyd's acquaintances interviewed. The policy, moreover, showed Floyd to be a truck driver living at

Melrose Garage, 248 East 149th Street, Bronx, New York. No inquiry was made at this address. The efforts on the part of Clark for the defendant were made a few days before the pre-trial examination. The concerted, prolonged, honest efforts made in the case of Shalita v. American Motorists Insurance Company, supra, are compared with the efforts in the Wallace case, and should be compared with the feeble efforts in the case at bar.

In conclusion, the Court held in the Wallace case that the burden of proving the breach is placed upon the defendant. (Insurance Law, § 167, Subsec. 5) It is ''True, upon a showing by the insurer of an absence of the insured which remains *unexplained despite reasonable efforts to locate the insured,* 'the burden of going forward with the proof and supplying the data necessary to repel the adverse inference must rest on the assured.'' (Emphasis supplied.) Rushing v. Commercial Casualty Ins. Co., 251 N. Y. 302, 167 N.E. 450, 451, but the Court concluded in the Wallace case that the defendant has not made any showing that would warrant placing such a burden upon the plaintiff, and saw no reason for disturbing the trial court's finding on this issue.

In the case at bar, what proof do we have of diligent and proper efforts made by the appellant to locate Eddie Tellie, a.k.a. Eddie Fisher? What proof is there of lack of diligence, and reasonable effort to locate the insured Tellie?

Just seven days subsequent to the accident of January 29, 1961, the appellant was advised by letter, on February 6, 1961, fully informing the appellant of the wreck by their insured Eddie ''Tillie''. This letter was not acknowledged and on March 1, 1961, appellees' attorney wrote again stating that necessary legal steps would be taken if this letter was ignored. Two weeks later, on April 14, 1961, the appellant acknowledged receiving

the two letters and stated a representative would contact appellees' attorneys after appellant obtained further information regarding the loss. On this date, appellant assigned the claim to the attention of their agents in Jackson, Mississippi, which was almost two and a half months after appellant was first notified of the accident. During this period of time the record fails to disclose that the appellant made any efforts whatsoever to contact Eddie Tellie, a.k.a. Eddie Fisher. Exhibit G to the stipulation of facts clearly shows that appellant's agent Bob Fenske, on April 10, 1961, notified one Steve Russo of appellant's claims office in Syracuse, New York, that the insured had moved from his last address which insured's application listed as 123 Sherman, Buffalo, New York.

The appellant, moreover, did not even contact their agent, Emil Jackson, who wrote and issued the policy in question, as appellee had advised on February 6, 1961, until April 14, 1961. In addition to this gross procrastination, indifference or deliberate delay, although the appellant knew the insured's name was Eddie Tellie, and was also known as Eddie Fisher, the appellant nevertheless forwarded registered letters to Edwin Tellie at 123 Sherman, and to Edwin Tillie at the same address on April 4, 1961, and on May 16, 1961, respectively. The appellant also registered a letter to Edward Tillie at the same address, but even as late as the above-mentioned dates, never did the appellant register any letter to Eddie Tellie, a.k.a. Eddie Fisher, or to an Eddie Fisher at 123 Sherman Street. The appellant knew, or by the exercise of ordinary forethought should have known, that the insured might move from 123 Sherman. The appellant knew the insured was unemployed, was a transient, and a former resident of Mississippi. The long delayed and wholly insufficient efforts to contact the insured indicate a lack of genuine desire to promptly locate the insured. This pronounced dillydally in trying

to locate Eddie Tellie makes the case at bar, as to requisite diligence and good faith, even weaker than the Wallace case. The appellees herein showed far greater diligence and honest effort to locate the insured than did the appellant, and they extended to the appellant curtesies, and supplied essential information and proof beyond which they were required to do.

The appellant failed to make inquiries from insured's neighbors and acquaintances, to ascertain where he was or where he went for recreation or pleasure, or the names of his associates and friends. The appellant made no inquiries at the insured's former residence to find out, if possible, where he had moved. No inquiries were made of the Buffalo Police Department, or the New York State Police. No check was made with the Missing Person's Bureau, the Motor Vehicle Department of New York, the Post Office Department of Buffalo. No contacts were made with the State, County or Federal Unemployment or Social Security Agencies. The F.B.I. was not contacted. In short, the appellant did nothing but write two or three letters, make a few telephone calls, and send one adjuster to the insured's former address, two months after he had left it, and two months after the appellant knew of the accident. Even appellant's last act, that of finally employing counsel to defend this suit indicates a lack of diligence and good faith because appellant had already by its former lack of diligence and good faith made the successful defense of this suit nothing less than a miracle.

 Under the tests laid down in Shalita v. American Motorists Insurance Company, supra, and the well-reasoned case of Wallace v. Universal Insurance Company, supra, we hold that the appellant is in no position to raise the question of lack of co-operation on the part of the insured for the reason that the appellant wholly failed to make reasonable efforts to locate the insured after it learned of the accident, and therefore the insurer

did not meet the burden of proof, ██ ██ and there was no duty on the part of the appellee to go forward with the proof in explanation of the lack of co-operation.

We hold that the case at bar falls within the wise and just rule which was announced in Lauritano v. American Fire Ins. Co., 3 App. Div. 2d 564, 571, 162 N.Y.S. 2d 553, 559, affirmed 4 N.Y. 2d 1028, 177 N.Y.S. 2d 530, and in Shulgasser v. Young, 25 Misc. 2d 788, 206 N. Y. S. 2d 81, ''between insurer's defense of lack of cooperation by its insured and the rights of innocent accident victims to protection, the latter is paramount * * *''. Wallace v. Universal Insurance Company, 227 N. Y. S. 2d 999.

Finally, there are no questions before us concerning the amount of the verdict, and the judgment is therefore affirmed.

Affirmed.

*Lee, C. J., and Gillespie, McElroy and Jones, JJ.,* concur.