SOUTHWICK, P.J.,
DISSENTING.
¶ 12. My concerns arise from one central procedural point. The Court reverses in part because of the limited findings of fact and the absence of any conclusions of law. Findings and conclusions are obligatory only when requested by the parties. M.R.C.P. 52. There was no request here. Moreover, trial judge legal conclusions are reviewed anew on appeal. Therefore the trial court’s legal views, whatever they were, do not control our analysis anyway.
¶ 13. The final, related, and most critical matter is that the majority remands because of the chancellor’s failure to address an issue. We order additional findings and conclusions regarding that point. I find that if an appellant seeks reversal because a matter raised by the pleadings and even the evidence was not initially ruled upon by the trial judge, that party must have first by motion or otherwise pointed out the oversight to the trial court. Here that was not done.
¶ 14. The pleadings raised the issue that once the plaintiff learned in 1986 that the water well was not on his property, that an oral or implied contract to provide water arose. The complaint alleges that Suta had failed to comply with his oral agreement with Fulop in 1986 to have a well drilled on the plaintiff Fulop’s property. Fulop sought a preliminary injunction to require compliance. He also sought damages based on misrepresentation and fraud, breach of oral contract, breach of implied contract if the oral contract was found to be too imprecise, breach of implied covenant of fair dealing, and unjust enrichment. These claims were principally based on the failure of Suta to place the water well and septic tank on Fulop’s property in 1986. There was, though, also an allegation that in order to make amends, Suta had agreed to provide water service as long as the plaintiff Fulop lived on the property. The relatively recent refusal to do so was alleged to be a breach of contract, and to the extent the breach had been Suta’s plan all along, also to have been fraud.
¶ 15. I agree with the chancellor that the statute of limitations would without meaningful dispute bar all the claims except for those based on an. alleged agreement to provide water service for as long as the plaintiff Fulop lived on the property. The chancellor made findings of fact that the agreement to provide a well and septic tank existed and had been breached. He did not address whether there was ever an agreement to provide water so long as the plaintiff remained on the property, and whether that was to be done free of cost. When one person arranges for the digging of a well and presumably the installation of a pump on someone else’s property, that likely leaves the owner of the well responsible for maintenance, equipment replacement, and other costs. If instead there is given a continuing right to have water supplied from a well on the promisee’s own property, determining whether such an agreement is sufficiently definite might include whether it considered allocating future costs of equipment maintenance or replacement.
¶ 16. There was little evidence about what occurred in 1986 once the plaintiff discovered that the well was not on his property. Fulop was asked by his counsel what the arrangement was for receiving water, and the answer simply was that Suta “pumped the water through just like before.” The position taken by the defendant at trial is that regardless of the reason that Suta failed to place the water well and septic tank on Fulop property, the substitute right was not a permanent providing of water with Suta’s paying all the expenses even fourteen years later. There was evidence of substantial expenses for *898 maintenance and the purchase of two pumps in recent years.
¶ 17. I raise these factual matters only to show that the existence and the terms of any implied contract to provide water required analysis by the trial judge. Nothing appears in the findings and conclusions spoken into the record regarding an implied contract to provide water. When a chancellor does not make fact findings on a matter, unless it is an issue that by precedent must be addressed in findings, the appellate court is to imply the findings that are consistent with the judgment. Tricon Metals & Services, Inc. v. Topp 516 So.2d 236, 238 (Miss.1987).
¶ 18. On the other hand, there is nothing in the chancellor’s judgment indicating that he recalled the issue of an implied contract to provide water service. The only allegations that the chancellor addressed concerned the 1986 agreements to have a well and septic tank placed on the plaintiffs’ land. I believe it would be a misapplication of the implied findings rule when there is no evidence that a trial judge even considered a legal issue. Dycus v. Sillers, 557 So.2d 486, 504 n. 70 (Miss.1990) (court “might imply a finding ... were it not that the findings of fact before us make it clear that the Court never focused” on the matter).
¶ 19. I find a different rule applicable that should guide our deliberations. To the extent the plaintiff had another theory that supported his claim, it was his obligation not only to present evidence on the point but to obtain a ruling. Two opportunities existed for counsel to raise this matter. One was when the chancellor finished announcing his findings and conclusions, and he had failed to discuss the implied contract for water service. No request was then made.’ The other opportunity was in a motion for reconsideration. Though a motion was filed, it is not included in the record excerpts. Thus there is nothing before us to indicate that the plaintiff ever sought a ruling on the overlooked issue. The majority does that for the plaintiff by remanding for further findings.
¶ 20. Instead, I would hold that the plaintiffs failure to get a ruling on the issue bars us from doing that for him. In one precedent, a party had pled laches but no ruling on it was ever made. This barred appellate consideration of the issue even though some evidence to support it was introduced:
The problem with Aletha’s laches claim is that though pled it was never litigated nor decided. There is nothing in the record suggesting that the trial judge was requested to make findings of fact or enter conclusions of law regarding the laches plea, see Rule 52(a), Miss. R.Civ.P., and, not surprisingly, the point is mentioned neither in the trial judge’s memorandum opinion of October 26, 1983, nor his final judgment entered November 7,1983.
As a prerequisite to obtaining review in this Court, it is incumbent upon a litigant that he not only plead but press his point in the trial court. See Nationwide Mutual Insurance Company v. Tillman, 249 Miss. 141, 156-57, 161 So.2d 604, 609 (1964) and particularly Stubblefield v. Jesco, Inc., 464 So.2d 47 (Miss.1984) where we recently refused on appeal to consider whether defendant was entitled to a new trial where it had filed a formal motion for a new trial but had not obtained from the trial judge a ruling on that motion.
Allgood v. Allgood, 473 So.2d 416, 423 (Miss.1985).
¶ 21. The desirability of a rule such as this is demonstrated by the present appeal. What the chancellor should have resolved after the evidentiary hearing was *899 for some reason not addressed. Insofar as this record reveals, the chancellor’s failure to rule on the possibility of a permanent contract to provide water was never mentioned to him. The appellate court should not be the first tribunal that considers the oversight.
McMILLIN, C.J., JOINS THIS SEPARATE WRITTEN OPINION.