928 So.2d 203 (2006)
Keston Taron MIMMITT, Appellant
v.
ALLSTATE COUNTY MUTUAL INSURANCE COMPANY, INC., Appellee.
No. 2004-CA-01942-COA.
Court of Appeals of Mississippi.
April 18, 2006.
*204 Floyd J. Logan, Gulfport, attorney for appellant.
Michael Verdier Cory, Jackson, attorney for appellee.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Keston Taron Mimmitt and Wanda Wileta Rodriguez were involved in an automobile accident in the parking lot of the Beau Rivage Hotel and Casino in Biloxi on March 8, 1999. Following the accident, Mimmitt filed a personal injury action against Rodriguez. When no answer was filed, Mimmitt obtained a default judgment in the amount of $25,000.
¶ 2. Mimmitt then filed a writ of garnishment against Rodriguez's insurer, Allstate County Mutual Insurance Company, Inc. ("Allstate"). Following a bench trial, the trial judge found that Allstate did not have notice of the suit pending against its insured. Therefore, Allstate was not liable for the judgment against Rodriguez.
¶ 3. On appeal, Mimmitt raises three issues: (1) whether the trial court abused its discretion in failing to apply the adverse inference rule to the failure of the garnishee/insurance carrier to offer the claims file into evidence at the trial, (2) whether the garnishee/insurance carrier failed to meet its burden of proof that it exercised reasonable diligence to secure the cooperation of the insured in the defense of the claim, and (3) whether the garnishee/insurance carrier failed to meet its burden of proof that the insured failed to provide notice of the filing of the suit against the insured. We find no error and affirm.

FACTS
¶ 4. On March 8, 1999, Keston Taron Mimmitt was sitting in his vehicle in the *205 parking lot of the Beau Rivage, when the vehicle driven by Wanda Wileta Rodriguez backed into the driver's side of his parked vehicle. Rodriguez was covered by a policy of insurance issued by Allstate, which provided liability limits in the amount of $25,000 per person and $50,000 per occurrence.
¶ 5. On July 8, 1999, Mimmitt's attorney wrote a letter to Allstate notifying it of the claim. Joan Vines, an Allstate adjuster, acknowledged the claim and requested a recorded statement from Mimmitt, an estimate of damage, and an opportunity to photograph the vehicle. Allstate then attempted to contact Rodriguez. On August 5, 1999, Allstate tendered a check to Mimmitt in the amount of $368.25 for the property damage to his automobile.
¶ 6. On August 17, 1999, Allstate wrote to Mimmitt's attorney and offered to settle the claim for $750. Allstate again wrote to Rodriguez and advised her that Mimmitt may file a lawsuit. Rodriguez was instructed to contact Allstate immediately if she was served with a lawsuit. Allstate took no further action.
¶ 7. On November 30, 2000, Mimmitt filed suit against Rodriguez. Rodriguez was served with process through the Mississippi Secretary of State, pursuant to Rule 4(d)(1)(a) of the Mississippi Rules of Civil Procedure and Mississippi Code Annotated Section 13-3-63 (Rev.2002). Rodriguez did not file an answer to the suit. An entry of default was entered on January 23, 2001. A default judgment, in the amount of $25,000, was entered on May 29, 2001.
¶ 8. On June 11, 2001, Mimmitt filed a suggestion for writ of garnishment against Allstate. Allstate answered and alleged that it was not liable for the judgment because it did not have notice of the lawsuit filed against its insured.
¶ 9. A bench trial was held on June 28, 2004. The trial judge concluded that Allstate did not have notice of the default proceedings against its insured, and the writ of garnishment was the first notice Allstate had of the proceedings. This lack of notice deprived Allstate of the opportunity to further negotiate or defend the lawsuit. Further, Allstate was deprived of any opportunity to contest the damages claimed by Plaintiff. The trial judge found that this lack of notice compelled him to find for Allstate.

STANDARD OF REVIEW
¶ 10. This Court reviews the factual determinations made by a trial judge sitting without a jury using the substantial evidence standard. Classic Coach, Inc. v. Johnson, 823 So.2d 517, 520(¶ 8) (Miss. 2002) (citing Church of God Pentecostal, Inc. v. Freewill Pentecostal Church of God, Inc., 716 So.2d 200, 204(¶ 15) (Miss. 1998)). In reviewing the decision of a trial judge sitting without a jury, this Court may only reverse when the findings of the trial judge are manifestly wrong or clearly erroneous. Singley v. Smith, 844 So.2d 448, 451(¶ 9) (Miss.2003).

ANALYSIS

I. Whether Allstate met its burden of proof that it did not have notice of the lawsuit against Rodriguez.
¶ 11. In its answer, Allstate pled that it had no notice of the lawsuit filed against its insured and no notice of the legal proceedings on which the writ of garnishment was based. Here, both parties argue that the other had the burden of proof. We need not decide who had the burden of proof because all of the evidence supported Allstate's position, and Mimmitt offered no evidence to the contrary.
*206 ¶ 12. This case is factually similar to Leader Nat. Ins. Co. v. Lindsey, 477 So.2d 1323, 1327-28 (Miss.1985), where the supreme court considered whether the notice of litigation was sufficient. In Lindsey, there was conflicting proof of whether the insurance company had notice. Id. The court determined that there was sufficient evidence of "actual knowledge . . . of the existence of a lawsuit sufficient to enable the insurance company to take the necessary steps to protect itself from legal liability," and the issue was for the finder of fact to determine. Id. at 1328.
¶ 13. Here, the trial judge correctly found that Allstate had no notice, or actual knowledge, of the original lawsuit. Rodriquez, the insured, failed to provide notice to Allstate. Allstate was denied the opportunity to defend Mimmitt's lawsuit because of Rodriquez's failure to notify Allstate. Under these circumstances, it would violate the terms of the liability insurance coverage to require Allstate to pay Mimmitt. Allstate was prejudiced, and it is not liable for the default judgment.
¶ 14. Allstate affirmatively pled lack of notice as a defense to the garnishment action. At trial, Allstate introduced several letters that were sent to Rodriguez about the accident. Marguerite Lowery, an Allstate senior claims analyst, testified that the last letter Allstate sent to Rodriguez instructed Rodriguez to contact Allstate immediately if she was served with a lawsuit. Lowery testified, as the Allstate corporate representative, that Allstate did not have notice of the lawsuit filed against Rodriguez.
¶ 15. Lowery also testified that Allstate hired a private investigator to locate Rodriguez. The investigator contacted Rodriguez and made an appointment to meet with her. Rodriguez did not keep the appointment. The investigator was unsuccessful in further efforts to contact Rodriguez.
¶ 16. Accordingly, we find no merit to this issue.

II. Whether the trial court abused its discretion in failing to apply the adverse inference rule to Allstate's failure to offer the claims file into evidence.
¶ 17. Mimmitt next argues that the trial court abused its discretion in failing to apply the adverse inference rule to the failure of Allstate to offer the claims file into evidence at the trial. This argument was raised by Mimmitt in his brief to the trial judge, but there Mimmitt asked that the adverse inference rule be applied in light of the duty to diligently secure the cooperation of the insured.
¶ 18. On appeal, Mimmitt argues that the trial court abused his discretion in failing to apply an adverse inference to whether or not Allstate had notice of the lawsuit. We view these as two different arguments. The trial judge was never asked to apply the adverse inference rule to whether or not Allstate had notice of the lawsuit. We will not review on appeal that which was not raised at the trial level. Shaw v. Shaw, 603 So.2d 287, 292 (Miss.1992). This Court will not put a trial judge in error for issues not first presented to the trial court for resolution. New Bellum Homes, Inc. v. Swain, 806 So.2d 301, 305(¶ 11) (Miss.Ct.App.2001). Issues not presented in the trial court may not first be argued on appeal. Id.
¶ 19. The trial judge could not have abused his discretion because he was never asked to apply the adverse inference rule to whether or not Allstate had notice of the lawsuit. Accordingly, we find no merit to this issue.

*207 III. Whether Allstate met its burden of proof that it exercised reasonable diligence to secure the cooperation of Rodriguez.

¶ 20. Mimmitt's final issue is that Allstate had an affirmative duty to exercise reasonable diligence to secure the cooperation of the insured in the defense of the claim. Mimmitt cites Nationwide Mutual Ins. Co. v. Tillman, 249 Miss. 141, 161 So.2d 604 (1964), as authority for his contention that insurance companies must exercise diligence and good faith to bring about the cooperation of their insured. Tillman was decided under New York law and this proposition has never been found to apply in Mississippi.
¶ 21. In Tillman, the supreme court determined that the law of New York controlled the construction of the insurance contract. The supreme court found that "New York courts have further held that the obligations under the co-operation clause are reciprocal in that, while the insured must co-operate under the conditions of the policy, there is also an obligation on the part of the insurer to exercise diligence and good faith to bring about co-operation." Id. at 167-68, 161 So.2d at 615. No such duty has been imposed on insurance companies under Mississippi law.
¶ 22. Mimmitt cites this Court to Lindsey to support his proposition that we should follow the general rule announced in Tillman. We disagree. Lindsey does not suggest that the rule in Tillman be extended to Mississippi cases, and in fact, Tillman was not cited in Lindsey.
¶ 23. The liability insurance policy issued to Rodriguez contains a provision that required Rodriguez to promptly send Allstate copies of notices or legal papers received in connection with the accident. The policy clearly states that if the insured's "failure to provide notice prejudices our defense, there is no liability coverage under the policy."
¶ 24. Allstate has a duty to defend claims brought against the insured, when the insured is sued on covered claims. Moeller v. American Guar. & Liability Ins. Co., 707 So.2d 1062, 1068 (Miss.1996), (citing Hartford Acc. & Indem. Co. v. Foster, 528 So.2d 255, 263 (Miss.1988)). The obligation of the insurer is two-fold: (1) to furnish a legal defense to the claim covered under the policy, and (2) to pay all sums the insured becomes legally obligated to pay therefor. Id. at 1069.
¶ 25. Rodriguez had a contractual obligation to notify Allstate that she had been sued. The duty to defend presupposes the duty to notify the insurance carrier of any proceedings instituted against them. Without notice the insurance carrier cannot be expected to provide a defense. Courtney v. Stapp, 232 Miss. 752, 759, 100 So.2d 606, 609. (1958).
¶ 26. We find no merit to this issue. Accordingly, we affirm the judgment of the Harrison County Circuit Court.
¶ 27. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COST OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., NOT PARTICIPATING.