INZER, Justice:
This is an appeal by Mrs. Mildred Evelyn Nelson from a judgment of the Circuit Court of Webster County dismissing her suit for damages for personal injury against appellee Carolyn Clanton. The judgment was entered as the result of a jury verdict in favor of appellee, and we affirm.
Appellant contends that she was injured when the automobile in which she was riding as a passenger was struck from the rear by an automobile driven by appellee. The accident happened about S :30 P.M. on November 26, 1968, on U.S. Highway 82 near Greenwood. The proof shows that appellant was a passenger in the car driven by Mary Lynn Denton. They approached Highway 82 from the south on an access road intending to turn left to go to Greenwood. They stopped at a stop sign before entering the highway. Appellee was following immediately behind the Denton car and stopped her car at the stop sign. Highway 82 runs east and west and at this point is a four lane highway with a median strip dividing the two lanes of eastbound traffic from the two lanes of westbound traffic. According to appellant’s version of the accident, Mrs. Denton waited for the traffic to clear the eastbound lane, then proceeded across those lanes, and stopped in the median strip to let the westbound traffic clear, and while stopped the car driven by appellee struck them from the rear. Appellee testified that she stopped behind the Denton car, that at the time the Denton car entered the highway, the traffic was clear for both east-and westbound traffic and that she was about one car length behind the Denton car when it reached the median strip. She said that the Denton car began to turn left into the westbound lane of traffic and suddenly stopped without giving a signal of any kind at a time when there was no reason for her to stop. She immediately applied her brakés and stopped. The impact was so slight that she did not know that she struck the Denton car until Mrs. Denton *789 got out and told her that she had struck the Denton car. She said that there was no damage to her car and only slight damage to the bumper of the Denton car. She testified that appellant told the investigating officer that she was not hurt. The jury accepted appellee’s version of the accident and returned a verdict in her favor.
Appellant assigns two grounds for reversal of this case. They are (1) the failure of the trial court to grant her request for a peremptory instruction and, (2) the failure of the trial court to sustain her motion for a new trial.
Insofar as the first assignment of error is concerned, appellant in her brief merely states: “That after a close examination of this record, we are of the opinion that the requested peremptory instruction should have been granted to the appellant.” Appellant does not point out why she was entitled to a peremptory instruction and does not cite any authority to support her opinion. Under these circumstances we would be justified in refusing to consider this assignment of error, but we have considered it and find it to be without merit. The trial court was correct in holding that it was a question for the jury to determine whether appellee was guilty of any negligence that caused or contributed to the accident. The jury evidently determined that the sole proximate cause of the accident was the negligence of Mrs. Denton in stopping her car suddenly without giving any signal of her intentions to do so and at a time when it was unnecessary for her to stop.
Appellant urges that she is entitled to a new trial because the trial court overruled her objection and allowed appel-lee’s husband to sit at the counsel table with her at the trial of this case. The record reflects that before the trial began, counsel for appellant requested the court to exclude appellee’s husband because “it is obvious that he is an invalid.” The court in overruling the motion stated:
The Court is going to follow the rule here that he has followed for the past ten years. That is that any party litigant in a civil or criminal case may have one member of his immediate family sit with him during the course of the trial and the Court overrules the motion and will permit this woman’s husband to sit beside her during the trial.
In her motion for a new trial appellant alleged “the presence of defendant’s invalid husband at defendant’s side at the counsel table throughout the entire trial was highly prejudicial to plaintiff and resulted in a verdict based on sympathy, preventing plaintiff from obtaining a fair and impartial trial which should have been based only upon the law and evidence.” Appellant offered no proof in support of this motion. We have held in numerous cases that a motion is at issue without any further pleading and it devolves upon the movant to support the motion by proof, if any be necessary, and the allegations or averments in the motion do not amount to any proof of the fact therein stated. The only thing in the record relative to the condition of appellee’s husband is the statement of counsel in his objection and the motion for a new trial that he is an invalid. The trial court, of course, saw appel-lee’s husband, was aware of his condition and was evidently of the opinion that his condition was not such that it would or did prejudice the jury in favor of his wife. Ordinarily, it is within the sound discretion of the trial court to determine whether a person may be present or excluded during the trial of a case. The same is true relative to allowing a member of the immediate family of a litigant to sit at the counsel table. Of course, when it is apparent that the presence of such person is likely to create sympathy or prejudice the minds of the jury, the court should not allow such persons to sit at the counsel table and should exclude them from the courtroom. However, in this case there is nothing in the record on which we can base a finding that the trial court abused its discretion in allowing appellee’s husband to sit with her *790 during the course of the trial or that his presence resulted in a verdict of the jury based upon anything other than the law and evidence.
For the reasons stated this case is affirmed.
Affirmed.
GILLESPIE, C. J., RODGERS, P. J., and JONES and ROBERTSON, JJ., concur.