## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 93-CA-00954-SCT

*BESSIE MARTIN*

*v.*

*OAKHURST ASSOCIATES, LTD.*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 8/13/93 |
| TRIAL JUDGE: | HON. KEITH STARRETT |
| COURT FROM WHICH APPEALED: | WALTHALL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | JOSEPH M. STINSON |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 1/9/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PRATHER, P.J., BANKS AND McRAE, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

From an adverse judgment in the Circuit Court of Walthall County requiring payment of rent arrearages to Oakhurst Associates, LTD., Bessie Martin appeals to this Court, raising three issues:

**I. WHETHER THE TRIAL COURT ERRED IN DISREGARDING THE ORAL AGREEMENT BETWEEN THE PLAINTIFF AND THE DEFENDANT**

**II. WHETHER THE TRIAL COURT ERRED IN DISREGARDING THE EVIDENCE OF 80% OF DEFENDANT'S RENT WAS AUTOMATICALLY PAID EACH MONTH FOR A PERIOD OF UP TO JANUARY 31, 1994 BY THE GOVERNMENT**

**III. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANT'S MOTION TO DISMISS CASE**

Upon review, we deny all three points of error and affirm the trial court's judgment.

# I.

Bessie Martin moved into the Oakhurst Apartments, owned by Oakhurst Associates, LTD ("Oakhurst") in October 1992, with a rent obligation of $215 per month. Martin did not pay rent for the months of November or December. In January 1993, HUD took over part of Martin's rent payments, and in February, began paying $183 of her rent, leaving her an obligation of $32 per month. However, Martin only paid her $32 for the month of March, failing to pay for the months of January, February, and April through August 1993.

Oakhurst subsequently sued Martin in the Justice Court of Walthall County and succeeded. Martin appealed this judgment to the Walthall County Circuit Court, where the judge, sitting without a jury, found that Martin was in arrears in her rent payments of $215 for November 1992, $215 for December 1992, and $32 each for the months of January, February, April, May, June, July, and August 1993. Therefore, the court rendered judgment of $654 for Oakhurst and ordered Martin to vacate the apartment where she had been living, which Martin has appealed.

# II.

Martin first contends that the trial court erred in disregarding the oral agreement between her and Oakhurst, and in disregarding the evidence that the federal government paid 80 percent of Martin's rent each month. She alleged at trial that she and the management of Oakhurst Apartment orally agreed in January 1993 that she would pay "so much a month" until she paid for the months of November and December 1992, in which neither she nor the government paid anything. At trial, Oakhurst did not clearly affirm or deny the existence of such an agreement, but it did disagree with the amount that Martin conceded to owing. Martin also contends that the trial court erred in disregarding that beginning in January 1993, the federal government, through a special program, paid 80% of her monthly rent ($183). Oakhurst did not deny that this arrangement existed, and the government did, in fact, begin paying that portion of Martin's monthly rent. Finally, Martin contends that the court erred in not granting her motion to dismiss.

As to points I and II, the appellant has an affirmative duty to provide support for her assignments of error. *Wells v. Panola County Bd. of Educ.*, 645 So. 2d 883, 899 (Miss. 1994); *Powell v. Powell*, 644 So. 2d 269, 277 (Miss. 1994). This Court has said, "[W]e feel no compunction to address an assignment of error where counsel has not seen fit to cite any authority to support it." *Caruso v. Picayune Pizza Hut, Inc.*, 598 So. 2d 770, 776 (Miss. 1992). In her brief, Martin lists three cases and a rule of civil procedure in her table of authorities; unfortunately, she fails to cite to any of them in her argument to show the Court how they might support her arguments. *See Smith v. Dorsey*, 599 So.2d 529, 532 (Miss. 1992)(declining to consider three assignments of error where appellants failed to cite supporting authority or devote discussion or attention to the alleged errors); *Nelson v. Clanton*, 263 So. 2d 787, 789 (Miss. 1972)(noting that because appellant did not point out why she was entitled to instruction and did not cite supporting authority, the Court did not have to consider her assignment of error); *See also Caruso*, 598 So. 2d at 776. Further, the sources listed in the table of authorities are not remotely related to the issues presented on appeal. Frankly, this Court is under no obligation to consider points of error I, II, and III.

In the interest of justice, however, we feel compelled to address the merits of the issues. Even if the sources cited were related to these issues, appellant's arguments are without merit. The judge in this

instance sat as a finder of fact. As such, he was charged with the responsibility of weighing and considering the credibility of the witnesses and determining whose testimony should be believed. *In re Taylor*, 609 So.2d 390, 393 (Miss. 1992); *Bryan v. Holzer*, 589 So.2d 648, 659 (Miss. 1991); *Bell v. Parker*, 563 So.2d 594, 597 (Miss. 1990). A judge's finding of fact is the equivalent of a jury's verdict upon conflicting evidence. *Voss v. Stewart*, 420 So.2d 761, 765 (Miss. 1982). Further, when the judge sits without a jury, his judgment will be affirmed unless it is manifestly wrong. *R.C. Constr. Co. v. National Office Sys.*, 622 So.2d 1253, 1255 (Miss. 1993); *Hardy v. First Nat'l Bank of Vicksburg*, 505 So.2d 1021, 1023 (Miss. 1987). Here, the record is not contrary to the judge's ruling. The judge specifically walked through the amounts owed by the appellant, which she did not deny owing. Subsequently, the court found that Martin was in arrears in the amount of $654. Therefore, because the record does not reveal any manifest error by the trial judge, assignments of error I and II are wholly without merit.

As to point III, the appellant has the duty to follow up her action by bringing the motion to the attention of the trial court. *Cossitt v. Federated Guar. Mut. Ins. Co.*, 541 So. 2d 436, 446 (Miss. 1989). Therefore, if a Motion to Dismiss is not properly before the Court, the trial judge should not be put in error on a matter which was not present to him for decision. *Id*. Martin never requested a hearing on the motion, nor did she mention the motion when she announced that she was ready to proceed. Although Martin asserts that she "literally begged the trial judge for the motion to be granted," there is absolutely no evidence of such action in the record beside the motion itself. Accordingly, assignment of error III is without merit as well.

III.

Based on the record before this Court, Martin's contentions are substantively without merit. The trial court did not commit manifest error. We therefore affirm the order of the Circuit Court of Walthall County forcing Martin to vacate the premises and pay arrearage in rent.

**JUDGMENT AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**