# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1999-CA-02021-SCT

*McCAIN BUILDERS, INC.*

*v.*

*RESCUE ROOTER, LLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/04/1999 |
| TRIAL JUDGE: | HON. ANDREW C. BAKER |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | THOMAS W. PREWITT |
| ATTORNEY FOR APPELLEE: | ANDREW J. KILPATRICK, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART - 5/10/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/31/2001 |

### BEFORE BANKS, P.J., SMITH AND COBB, JJ.

### BANKS, PRESIDING JUSTICE, FOR THE COURT:

¶1. Concluding that it lacked personal jurisdiction over a Tennessee subcontractor sued by a Mississippi contractor for alleged breach of contract in the performance of plumbing services in Tennessee, the Circuit Court of the Second Judicial District of Panola County, Mississippi, ordered the action transferred to the Circuit Court of Franklin County, Tennessee. We agree that the trial court lacked personal jurisdiction and affirm to that extent. Because, however, a trial court does not have the authority to transfer a case to another state, we reverse that order and render judgment here dismissing the complaint and action for lack of personal jurisdiction.

## I.

¶2. On May 18, 1999, McCain Builders, Inc. (Builders) filed its complaint in the circuit court alleging that Rescue Rooter, LLC (Rescue Rooter) breached its contract for plumbing services, which were to be provided by Rescue Rooter. Builders also alleged that Rescue Rooter abandoned the project and submitted a bill in excess of the spending cap.

¶3. Builders is a Mississippi corporation conducting its business as a general contractor in Mississippi from its principal office in Batesville, Mississippi. It was the general contractor on the construction of an addition to a Motel 6 in Bells, Tennessee, and subcontracted with Rescue Rooter, a Delaware limited liability company and commercial plumber, headquartered in Memphis, Tennessee, to complete and correct the work of an earlier plumbing subcontractor. The parties rely upon the pleadings and affidavits in support of their positions.

¶4. Builders submits that the terms of the contract were negotiated by a Builders' representative from its office in Batesville by phone. The terms of the contract, according to an affidavit submitted by its president, required that Rescue Rooter send its requests for payment to Builders in Batesville; Builders pay Rescue Rooter from Batesville; Builders schedule the work from Batesville; and that Rescue Rooter inform Builders of its progress and submit questions to Batesville. Rescue Rooter breached the contract thereafter, according to Builders, by abandoning the work, submitting a bill in excess of the $16,000 cap in the contract, and refusing to finish the work.

¶5. In contrast, Rescue Rooter contends the contract was negotiated in Tennessee, submitting in support the affidavit of a Rescue Rooter employee testifying that a Builders' employee contacted him in Memphis from the motel project in Bells, Tennessee, to "come out to the job site to employ Rescue Rooter's services." Once in Bells, he testified representatives of both Builders and Rescue Rooter agreed that Rescue Rooter would proceed with the plumbing work. Rescue Rooter contends it completed all the work left unfinished by the previous plumber and notified Builders of the money owed for the project, but was not paid.

¶6. In May of 1999, Builders filed suit against Rescue Rooter for breach of contract. Rescue Rooter filed a motion to dismiss pursuant to Miss. R. Civ. P. 12(b) asserting there was no basis for personal jurisdiction, venue, or liability for breach of contract. The trial court concluded that it lacked personal jurisdiction over Rescue Rooter and ordered the case transferred to the Circuit Court of Franklin County, Tennessee. Aggrieved by this decision, Builders has timely filed this appeal.

## II.

### a.

¶7. Jurisdictional questions are subject to de novo review. *Sorrells v. R.R. Custom Coach Works, Inc.,* 636 So.2d 668, 670 (Miss. 1994). "In making this determination, this Court is in the same position as the trial court, since all facts are set out in the pleadings or exhibits, and the chancellor may be reversed if he erred whether the error was manifest or not." *McDaniel v. Ritter,* 556 So.2d 303, 308 (Miss. 1989). The standard of review for a transfer of venue is abuse of discretion. *Donald v. Amoco Prod. Co.,* 735 So.2d 161, 180 (Miss. 1999). The trial judge's ruling will not be disturbed on appeal unless it clearly appears that there has been an abuse of discretion or that the discretion has not been justly and properly exercised under the circumstances. *Beech v. Leaf River Forest Prods., Inc.,* 691 So.2d 446, 448 (Miss. 1997).

¶8. The exercise of in personam jurisdiction over a nonresident defendant may be accomplished pursuant to the Mississippi long-arm statute. Miss. Code. Ann. § 13-3-57 (Supp. 2000). The Due Process Clause of the Fourteenth Amendment, however, serves as a limitation on the power of a state's long-arm statute in the exercise of in personam jurisdiction over a nonresident. *Sorrells,* 636 So. 2d at 671 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 413-14, 104 S. Ct. 1868, 1871-72, 80 L.Ed.2d 404 (1984)).

### b.

¶9. It is uncontroverted that Rescue Rooter, a Delaware limited liability company authorized to do business in the state of Tennessee and headquartered in Memphis, Tennessee, is not qualified to do business in the state of Mississippi. The Court's inquiry begins, therefore, with whether Rescue Rooter's conduct satisfies the contract condition of the long-arm statute which provides in pertinent part:

Any. . . foreign corporation. . . not qualified. . . as to doing business.. who shall make a contract with a resident of this state to be performed in *whole or in part* by any party in this state. . . shall by such acts or acts be deemed to be doing business in Mississippi and shall thereby be subject to the jurisdiction of the courts of this state. . . .

Miss. Code Ann. § 13-3-57 (Supp. 2000) (emphasis added).

¶10. As both parties admit to entering into a contract for plumbing services, we address whether the contract was performed "in whole" or "in part" in Mississippi. Builders alleges the contract contemplated obligations that would be performed "in part" in Mississippi relying on the allegations in the complaint:

(1) Builders was to perform its required project design activities in its Batesville office and those design decisions were to be conveyed by it from Batesville;

(2) Rescue Rooter was to send its request for payment to Builders in Batesville;

(3) Builders was to pay Rescue Rooter from its office in Batesville;

(4) Builders, as the general contractor, was to discharge its scheduling responsibilities from Builders' Batesville office;

(5) Rescue Rooter was to keep Builders informed of its progress by reporting to Builders' Batesville office; and

(6) Rescue Rooter was to submit questions concerning project performance to Builders in Batesville.

¶11. Nothing in the contract required these actions or specified a place for them. The contract was for the plumbing work, which was to be performed "in whole" within the confines of Tennessee, not Mississippi. Rescue Rooter satisfied its performance when it completed the plumbing work on the motel in Bells, Tennessee. For Builders to perform, it merely had to pay Rescue Rooter for the work performed. Although the contract between Builders and Rescue Rooter was without a provision indicating the place of payment, when a contract between residents of different states is silent regarding place of payment, the payor is generally obligated to render payment at the place the contract was made. *Cycles, Ltd. v. W.J. Digby, Inc.,* 889 F.2d 612, 618 (5th Cir. 1989). This contract was made in Tennessee.

¶12. Relying on the well-pleaded complaint rule, Builders argues that its allegations must be accepted as true. This Court has held, however, that although the allegations of the complaint, together with reasonable inferences flowing therefrom, are generally accepted as true, if the Court when presented evidence finds facts that sustain a motion to dismiss for lack of personal jurisdiction, it should dismiss the case, "as the presumption implicit in the well-pleaded allegations rule has spent its force and vanished." *R.C. Constr. Co. v. National Office Sys., Inc.,* 622 So.2d 1253, 1255 (Miss. 1993).

¶13. The complaint in *R.C. Constr. Co.* sufficiently alleged that the nonresident subcontractor made and breached a contract to be performed in part by a Mississippi general contractor. Once, however, the parties litigated factual questions inherent to the determination of personal jurisdiction, via affidavits, the Court found that the pleadings failed to demonstrate that the offer was ever accepted and dismissed the action for not meeting the contract prong of the Mississippi long-arm statute.

¶14. Here, the affidavits submitted by Rescue Rooter challenged Builders' allegation that the contract was to be performed in part in Mississippi. In fact, Rescue Rooter's affidavits strongly support that the contract was to be and was performed in whole within Tennessee. For example, Russ Ware, an employee of Rescue Rooter, testified by affidavit that an employee of Builders contacted Rescue Rooter in Memphis from the project in Bells, Tennessee, to come out to the job site to employ Rescue Rooter's services, and while representatives of both Builders and Rescue Rooter were there, Rescue Rooter signed a proposal and was told by a McCain representative present at the project in Tennessee to proceed on open order for plumbing work. Ware also testified by affidavit that he attempted numerous times to no avail to get Builders to sign a contract and that Rescue Rooter provided all the materials, completed all the work according to specifications, and notified Builders upon completion.

¶15. The only affidavit submitted to the contrary by Builders merely cites its internal practices as support for the claim that the contract was to be performed in part in Mississippi. The trial court's conclusion that Builders failed to establish the contract was to be performed in whole or in part in Mississippi will not be disturbed. Because we conclude that our long-arm statute has no application here, we need not reach the issue of whether its application under these circumstances would comport with due process.

### III.

¶16. The trial court's order transferring the action to Tennessee, however, was an abuse of discretion. The circuit court, after properly finding that it was without personal jurisdiction over Rescue Rooter, erred when it went on to state: "This case is transferred to the Circuit Court of Franklin County, Tennessee" and entitled its order as an "Order of Transfer." Nowhere is a Mississippi state court empowered to require a filing in a court in a sister state, or to affect the sister state's procedural requirements for validating an action. Although the court cited our venue statute, Miss. Code Ann. § 11-11-11 (1972), in its order of transfer, the statute provides that the court transfer a pending case to "some convenient county." *See also* M.R.C.P. 82(d). The phrase "some convenient county" means some convenient Mississippi county.

### IV.

¶17. We therefore affirm the trial court's determination of lack of personal jurisdiction, but we reverse its order transferring the action to Tennessee and render judgment here dismissing the complaint and this action for lack of personal jurisdiction over Rescue Rooter, LLC.

¶18. **AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**

**PITTMAN, C.J., SMITH, MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR. McRAE, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. EASLEY, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**