# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-IA-01618-SCT

*ANNI V. YATHAM*

*v.*

*CEDRIC ROCHIE YOUNG, ALEXIS RASHAAD*
*YOUNG, AMBERLY RAQUEL YOUNG, KAITLYNN*
*RESHAE YOUNG, ERICA TUCKER, TIMOTHY*
*TUCKER, MILDRED TUCKER AND DARRIL*
*YOUNG*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/02/2004 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | KELLY WYCHE McMULLAN |
| | LELAND S. SMITH |
| ATTORNEYS FOR APPELLEES: | GARY R. KING |
| | EUGENE COURSEY TULLOS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND RENDERED - 10/13/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC**

**COBB, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This case is before the Court on an interlocutory appeal from the Scott County Circuit

Court's denial of a motion to dismiss for lack of personal jurisdiction filed by Anni V. Yatham.

# FACTS

¶2.   On July 3, 2002, in McLean County, Illinois, a vehicle driven by Yatham struck another vehicle being driven by Darril Young (Young).  Yatham was a resident of Illinois while Young and his passengers, Cedric Young, Alexis Young, Amberly Young, Kaitlynn Young, Erica Tucker and Timothy Tucker[1], were residents of Scott County, Mississippi.

¶3.   The passengers of Young's car filed suit in the Smith County Circuit Court against Young and Yatham, and subsequently Darril Young filed a cross-claim against Yatham.  After initiation of the lawsuit, it was transferred to the Scott County Circuit Court.   Yatham responded by filing a Motion to Dismiss for lack of personal jurisdiction pursuant to Miss. R. Civ. P. 12(b)(2).   As part of her motion to dismiss, Yatham attached an affidavit stating in relevant parts that:

6.   I have never been to the State of Mississippi.

7.   I have no contacts or connection with the State of Mississippi.

8.   I have not made a contract with a resident of the State of Mississippi to be performed in whole or in part by any party in this state.

9.   I have not committed a tort in whole or in part in the State of Mississippi against a resident or nonresident of this state.

10.   I do not do any business or perform any character of work or service in the State of Mississippi.

The trial judge denied Yatham's motion without a written opinion and subsequently denied Yatham's request to file an interlocutory appeal.  However, Yatham's petition for interlocutory

---

[1]Mildred Tucker, as mother and next friend of Erica and Timothy, is also a party to this suit.

appeal to this Court was granted. *See* Miss. R. App. P. 5. We hold that the trial court erred in its ruling, and we grant Yatham's Motion to Dismiss for lack of personal jurisdiction.

## ANALYSIS

¶4. The standard of review for jurisdictional questions is de novo. ***McCain Builders, Inc. v. Rescue Rooter, LLC***, 797 So.2d 952, 954 (Miss. 2001). In reviewing questions of jurisdiction this Court is in the same position as the trial court, since all facts are set out in the pleadings or exhibits. ***McDaniel v. Ritter***, 556 So.2d 303, 308 (Miss. 1989).

¶5. There is a two-tier test to determine whether it is appropriate for a Mississippi court to exercise personal jurisdiction over a nonresident defendant. ***Horne v. Mobile Area Water & Sewer Sys.***, 897 So.2d 972, 976 (Miss. 2004). First, the nonresident defendants must have engaged in activities that make them amenable to suit in Mississippi under the Mississippi long-arm statute. ***Id***. Second, the nonresident defendants must have availed themselves of Mississippi in a manner that the exercise of personal jurisdiction would be consistent with the due process clauses of the federal and state constitutions. ***Id.***

¶6. The Mississippi long-arm statute states in part:

> Any nonresident person . . . who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

3

Miss. Code Ann. § 13-3-57 (Rev. 2002). This Court has consistently interpreted this to mean that there are only three activities which will permit the courts of Mississippi to exercise personal jurisdiction over a nonresident defendant: (1) if that person has entered into a contract to be performed in Mississippi; (2) has committed a tort in Mississippi; or, (3) is conducting business in Mississippi. *Rockaway Commuter Line, Inc. v. Denham ex rel. Denham*, 897 So.2d 156, 158 (Miss. 2004).

¶7.    In the present case, the plaintiffs are not claiming an action arising under contract or from ongoing business being conducted in state by Yatham. Therefore, the present case must sound in tort, and the only way that Yatham can be subject to personal jurisdiction before a Mississippi court is if the tort was committed in Mississippi. This Court does not require that the action giving rise to the tort actually occur in Mississippi in order for a tort to be committed in state. *Horne*, 897 So.2d at 977. Rather, for purposes of our long-arm statute, a tort is committed in Mississippi when the injury results in this State. This is true because an injury is necessary to complete a tort. *Id*.

¶8.    In her uncontroverted affidavit, Yatham states that she is a resident of Peoria, Illinois, and that she has never been to the State of Mississippi. Further, Yatham states, and the plaintiffs concede, that she has never entered into a contract, done business or committed a tort in the State of Mississippi. In addition, the plaintiffs actually concede that Yatham does not have the contacts necessary to support personal jurisdiction anywhere in Mississippi, but then assert that personal jurisdiction is nevertheless proper here because to require the five minor residents to pursue their claims in Illinois would place an undue burden on them.

4

Finally, the plaintiffs assert that Yatham would not be inconvenienced by a short trial in Mississippi and that they fear that she is a flight risk because her permanent address is in Anantapur, India.

¶9.     For these claims the plaintiffs cite no authority and support with no evidence, and thus we do not consider them in rendering our decision.    There is a long line of authority in Mississippi which has established that if an appellee fails to support an argument with relevant authorities that this Court can consider such failure as conceding the claims of the appellant. *Palmer v. Biloxi Reg'l Med. Ctr., Inc.,* 564 So.2d 1346, 1360 n. 16 (Miss. 1990); *Read v. S. Pine Elec. Power Ass'n,* 515 So.2d 916, 921 (Miss. 1987); *Devereaux v. Devereaux*, 493 So.2d 1310, 1314 (Miss. 1986); *Holloway v. Jones*, 492 So.2d 573, 573-74 (Miss. 1986); *Nelson v. Clanton*, 263 So.2d 787, 789 (Miss. 1972).

¶10.    The sole cause of action in this case arose out of injuries suffered in Illinois as a result of events that occurred in Illinois.    Applying the standard set out in *Horne,* application of the Mississippi long-arm statute is inappropriate because Illinois is  the place where the tort was completed.    Since personal jurisdiction is not appropriate under the long-arm statute, there is no need for this Court to address whether it complies with the due process clauses of the federal and state constitutions. *see Rockaway,* 897 So.2d at 158.

## CONCLUSION

¶11.    Based upon the plain language of Miss. Code Ann. § 13-3-57, and the long established precedent in this State, we reverse the trial court's order denying Yatham's Motion to Dismiss for lack of personal jurisdiction, and we render judgment here dismissing for lack of personal

jurisdiction the plaintiffs' complaint, Darril Young's cross claim and this action against Anni V. Yatham.

¶12.     **REVERSED AND RENDERED.**

**SMITH, C.J., WALLER, P.J., CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ.,   CONCUR.  DIAZ AND EASLEY, JJ.,  NOT PARTICIPATING.**