897 So.2d 156 (2004)
ROCKAWAY COMMUTER LINE, INC.
v.
John DENHAM on Behalf of the Wrongful Death Heirs of Ollie Denham; Raesine Denham by and Through Her Father and Next Friend, John Denham; and Carolyn A. McSwain.
No. 2003-IA-00751-SCT.
Supreme Court of Mississippi.
October 21, 2004.
L. Clark Hicks, Jr., Hattiesburg, attorney for appellant.
*157 Joseph E. Roberts, Jr., Jackson, Eugene Coursey Tullos, Raleigh, attorneys for appellees.
EN BANC.
WALLER, Presiding Justice, for the Court.
¶ 1. This appeal arises from an automobile accident in Queens County, New York involving three Covington County, Mississippi residents and a New York corporation, Rockaway Commuter Line, Inc. The Smith County Circuit Court denied Rockaway's motion to dismiss for lack of personal jurisdiction, and we granted permission for Rockaway's interlocutory appeal. Finding no personal jurisdiction over Rockaway in the State of Mississippi and further finding that Rockaway did not waive its right to assert its defense of lack of personal jurisdiction under Mississippi Rule of Civil Procedure 12(b)(2), we reverse and render a judgment of dismissal in favor of Rockaway.

FACTS
¶ 2. Rockaway Commuter Line, Inc., a New York corporation with no contacts with the State of Mississippi, owned a commuter van driven by Sylvan A. Collard. On November 5, 1994, that van driven by Collard collided with a vehicle driven by Carolyn A. McSwain, a resident of Covington County, while she was in Queens, New York. Inside the vehicle, owned by John Denham, were John's mother, Ollie Denham, and his minor child, Raesine Denham. All three occupants of the Denham vehicle were injured, and Ollie Denham later died as a result of her injuries. Each of the Denhams is a resident of Covington County.
¶ 3. On November 4, 1997, John Denham filed this wrongful death suit in the Circuit Court of Smith County against Rockaway, Collard, and McSwain on behalf of the wrongful death heirs of Ollie Denham and for the injuries sustained by Raesine Denham. McSwain then filed a cross-claim against Rockaway and Collard.
¶ 4. Rockaway was served with process by certified mail in November of 1997. On August 27, 1999, nearly twenty-one months after being served with process, Rockaway filed an answer and defenses to the complaint, which included a Motion to Dismiss for Improper Service of Process, a Motion to Dismiss or to Change Venue from Smith County to New York or in the Alternative to a Proper County in Mississippi, and a Motion to Dismiss for Lack of Personal Jurisdiction. Rockaway also filed an answer to the cross-claim of McSwain, asserting the same defenses and motions listed above in addition to other defenses such as untimely service of process.
¶ 5. Before ruling on the motion to dismiss for lack of personal jurisdiction, the trial court allowed a Mississippi Rule of Civil Procedure 30(b)(6) deposition of Rockaway's representative, Dennis Harry. Harry stated in his deposition that he had never been to Mississippi, and Rockaway had never done business in Mississippi nor leased its vans to anyone who did business in Mississippi.
¶ 6. The trial court granted the motion to dismiss in favor of Rockaway but then entered an order denying the motion two days later. The trial court subsequently denied Rockaway's request for certification for interlocutory appeal. We granted Rockaway permission to bring this interlocutory appeal. See Miss. R.App. P. 5.

ANALYSIS
¶ 7. Rockaway raises three issues on interlocutory appeal. First, whether Smith County has personal jurisdiction over a New York company for a car accident that injured Covington County residents *158 in Queens, New York. Second, if Smith County does not have personal jurisdiction over Rockaway, whether Rockaway waived its personal jurisdiction defense by way of an untimely response. Finally, whether the trial court had the authority to deny, without an intervening motion or any explanation, a motion to dismiss that it had previously granted. Since we find the first and second issues dispositive in this case, we decline to rule on the third issue.

I. Personal Jurisdiction over Rockaway
¶ 8. We review de novo questions of law. Doe v. Stegall, 757 So.2d 201, 204 (Miss.2000). The exercise of in personam jurisdiction over a nonresident defendant may be achieved pursuant to Mississippi's long-arm statute. McCain Builders, Inc. v. Rescue Rooter, LLC, 797 So.2d 952, 954 (Miss.2001) (citing Miss.Code. Ann. § 13-3-57 (Supp.2000)). If a Mississippi court has personal jurisdiction over a defendant based on our long-arm statute, the assertion of jurisdiction must then pass muster under the constitutional limitation of the Due Process Clause of the Fourteenth Amendment. McCain Builders, Inc., 797 So.2d at 954.
¶ 9. In order for the long-arm statute to apply, the nonresident corporation over which personal jurisdiction is sought must be a corporation which is not qualified to do business in this state. Miss.Code. Ann. § 13-3-57 (Rev.2002). If that condition is satisfied, the long-arm statute authorizes in personam jurisdiction where: (1) the nonresident made a contract with a resident of this state to be performed in whole or in part in this state; (2) the nonresident committed a tort in whole or in part in this state against a resident or nonresident of this state; or (3) the nonresident did business or performed any character of work or service in this state. Id.
¶ 10. Rockaway is not qualified to do business in Mississippi and, therefore, meets the threshold requirement for coverage under the long-arm statute. However, there is no evidence in the record which demonstrates that Rockaway has acted in such a way as to be brought under the contract, tort, or "doing business in" provisions of the long-arm statute. Therefore, there is no need to go into the analysis under the Fourteenth Amendment, because there is no long-arm jurisdiction over Rockaway anywhere in the State of Mississippi, much less in Smith County.

II. Whether Rockaway Waived its Rule 12(b)(2) Defense by Filing an Untimely Answer
¶ 11. Denham attempts to alter the substance of Rule 12(h) when he argues that "Rule 12(h) of the Mississippi Rules of Civil Procedure states that the defense of lack of personal jurisdiction is waived if not made by motion or answer filed within thirty days after service of process or an extension thereof under Rule 12(a)." According to Rule 12(h)(1), Rule 12(b)(2) defenses may be waived "(A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by a motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." Miss. R. Civ. P. 12(h)(1)(A) & (B).[1]
*159 ¶ 12. If the defendant makes no preliminary motion or if a defense is unavailable at the time he first moved, he is not susceptible to a waiver argument by the plaintiff and may present a Rule 12(b)(2) through Rule 12(b)(5) defense as long as it is included in the responsive pleading. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 3d § 1391, at 506 (2004) (citing Media Duplication Servs., Ltd. v. HDG Software, Inc., 928 F.2d 1228 (1st Cir.1991)). However, some courts have recognized circumstances where the defense of lack of personal jurisdiction may be waived as a result of inaction. Mass. Mut. Life Ins. Co. v. Woodall, 304 F.Supp.2d 1364, 1369-70 (S.D.Ga.2003) (citing Datskow v. Teledyne, Inc., 899 F.2d 1298, 1303 (2d Cir.1990) (holding, in case where defendant participated in litigation without questioning personal jurisdiction prior to giving answer, that "[a] delay in challenging personal jurisdiction by motion to dismiss has resulted in waiver, even where, as here, the defense was asserted in a timely answer"); Schwartz v. M/V Gulf Supplier, 116 F.Supp.2d 831, 835 (S.D.Tex.2000) (finding, in case where defendant complied with procedural requirements of motion, defendant nonetheless waived personal jurisdiction defense by waiting nine months to bring motion, during which it engaged in considerable amount of pretrial activity); 5C Wright & Miller, Federal Practice & Procedure Civil 2d § 1391, at 515-16 (Supp.2003) ("[A] party can be held to have waived a Rule 12(h)(1) defense through conduct, such as extensive participation in the litigation of the merits, even if the literal requirements of Rule 12(h)(1) have been met....")).
¶ 13. Based on his erroneous interpretation of Rule 12(h), Denham argues that in failing to meet the thirty-day answer requirement of Rule 12(a), Rockaway simultaneously waived the personal defenses it brought along with its untimely answer. However, Rule 12(h), not 12(a), governs the waiver of defenses. Although Rule 12(h) does provide for certain circumstances in which a defense may be waived, it creates no overlap between the Rule 12(a) thirty-day answer requirement and any defenses which may be coupled with an untimely answer. The only connection between Rockaway's answer and its Rule 12(b)(2) defense was the mere fact that they were brought at the same time. They are otherwise governed by different rules.
¶ 14. Rockaway has done nothing under Rule 12(h) to surrender its right to object to personal jurisdiction. It could not have violated Rule 12(h)(1), because it never made any pre-answer motions; and when it did give its answer, it included the motion to dismiss for lack of personal jurisdiction. Furthermore, Rockaway's inaction is distinguishable from the conduct of the defendants in the cases and secondary authority cited by Woodall. The cited authority makes clear that a defendant who complies with the procedural requirements of Rule 12(h)(1) runs the risk of waiving his Rule 12(b)(2) defense only if he engages in extensive pretrial activity before bringing the motion to dismiss for lack of personal jurisdiction. However, in this case, Rockaway did not participate at all in the litigation before bringing the Rule 12(b)(2) motion along with its answer.
¶ 15. Therefore, regardless of how long Rockaway waited to answer Denham, we *160 read Rule 12(h)(1) as it was written and decline to adopt Denham's ambitious interpretation of it.

CONCLUSION
¶ 16. Rockaway is not subject to personal jurisdiction in the State of Mississippi, and it did not waive its Rule 12(b)(2) defense of lack of personal jurisdiction. We therefore reverse the judgment of the circuit court denying Rockaway's motion to dismiss, and we render a judgment dismissing without prejudice the complaint, cross-claim, and action as to Rockaway for lack of personal jurisdiction.
¶ 17. REVERSED AND RENDERED.
SMITH, C.J., COBB, P.J., CARLSON AND DICKINSON, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, GRAVES AND RANDOLPH, JJ., NOT PARTICIPATING.
NOTES
[1] The purposes behind Federal Rule of Civil Procedure 12(b) defenses provide guidance in the inquiry into our own Rule 12(b). The essence of the rule is that "you may put everything you have in the answer, but you have the option to a certain extent of making motions raising any one or more of these [seven] defenses which Rule 12(b) enumerates, then following later with an answer." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civ.3d § 1342, at 25 n. 5 (2004) (quoting Palmer D. Edmunds, The New Federal Rules of Civil Procedure, 4 J. Marshall L.Q. 291, 303 (1938)). In this case, Rockaway chose the former option.