# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-02003-SCT

*CITY OF CHEROKEE, ALABAMA; CITY OF
CHEROKEE POLICE CHIEF PAUL NORMAN AND
PAUL NORMAN, INDIVIDUALLY; CITY OF
CHEROKEE POLICE OFFICER JERRY McCLURG
AND JERRY McCLURG, INDIVIDUALLY;
COLBERT COUNTY, ALABAMA; COLBERT
COUNTY SHERIFF RONNIE MAY AND RONNIE
MAY, INDIVIDUALLY; AND COLBERT COUNTY
DEPUTY BILL MAYS AND BILL MAYS,
INDIVIDUALLY*

*v.*

*DENNIS RAY PARSONS, ET AL.*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/17/2005 |
| TRIAL JUDGE: | HON. PAUL S. FUNDERBURK |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | BENJAMIN E. GRIFFITH |
| ATTORNEY FOR APPELLEES: | DRAYTON D. BERKLEY |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 10/19/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., DIAZ AND RANDOLPH, JJ.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1. A high speed chase into Mississippi involving Alabama governmental defendants, resulted in this interlocutory appeal, which was granted exclusively on the issue of in personam jurisdiction.

## FACTS

¶2. On February 21, 2002, at approximately 10:44 p.m., a high speed pursuit of three fleeing felony suspects commenced in Muscle Shoals, Alabama. The chase first involved numerous Alabama and later Mississippi law enforcement officers. According to the circuit court:

> 2. The [fleeing felony suspects] had been pursued by Alabama officers after a Sheffield, Alabama police officer observed their vehicle run a red light and determined that the vehicle appeared to match the description of a Ford Taurus that had earlier fled from a Wal-Mart store in Muscle Shoals, Alabama following the theft of $3000.00 of property from that store. As the initial pursuing officer and other officers attempted to force the [fleeing felony suspects] to stop, they accelerated and attempted at least three times to ram officers' vehicles and run them off the road, ran seven red lights, ran more than a dozen stop signs, and drove at speeds in excess of 100 m.p.h. on U.S. Highway 72 within the state of Alabama westward to the state line.

> 3. With Alabama officers in pursuit, the [fleeing felony suspects] continued driving at a high speed into the State of Mississippi. All of the Alabama officers terminated their pursuit of the [fleeing felony suspects] once the pursuit entered Mississippi *except Officer [Jerry] McClurg and Deputy [Bill] Mays.*

(Emphasis added). The chase tragically ended in Corinth, Mississippi, when the fleeing vehicle sped through a red light and collided with an oncoming car, killing Kathy Ann Hollands, Brandy L. Hollands, and Jennifer Renee Parsons ("Decedents").

¶3. On December 30, 2002, plaintiffs Dennis Ray Parsons, et al. (the wrongful death beneficiaries of Decedents) filed a civil suit against fifty-five Alabama and Mississippi cities, counties, and law enforcement officers in the Circuit Court of Alcorn County. The complaint alleged that "[e]ach Defendant Law Enforcement Agency [was] inadequately trained, inadequately supervised, had no high speed pursuit policy and procedure or failed to follow recognized high speed pursuit policy and procedure. The Defendants actions in concert were

2

a direct cause of the Deaths of [Decedents]." Appellants are the only remaining defendants in the civil suit. The decedents were Tennessee residents. Appellants are either domiciled in or residents of Alabama. The fleeing felony suspects were residents of Tennessee, who went to Alabama with the intent to steal property.[1]

¶4. On January 27, 2005, defendants filed motions for summary judgment[2] in the circuit court claiming a lack of personal jurisdiction over the City of Cherokee, Alabama; Cherokee Police Chief Paul Norman; Colbert County, Alabama; and Colbert County Sheriff Ronnie May. Alternatively, they alleged that they were immune from liability under either Alabama law or "the police protection exemption of the Mississippi Tort Claims Act." On October 19, 2005, the circuit court issued an order denying defendants' motions, finding personal jurisdiction over defendants based upon *Horne v. Mobile Area Water and Sewer System*, 897 So. 2d 972 (Miss. 2004), the Mississippi long-arm statute, and the specific jurisdiction prong of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. On November 18, 2005, this Court granted interlocutory appeal exclusively on the issue of in personam jurisdiction, as applied to Appellants. *See* M.R.A.P. 5.

---

[1]Two of the three fleeing felony suspects were subsequently tried and convicted of three counts of depraved heart murder each and sentenced to life imprisonment on March 27, 2003, in the Circuit Court of Alcorn County, Mississippi.

[2]Motions to dismiss were previously filed by Colbert County and Colbert County Sheriff Ronnie May on September 29, 2003, and motions to strike jury trial were subsequently filed by defendants on January 31, 2005.

**ISSUES**

¶5.     The following issues are before this Court:

(1) Did City of Cherokee, Cherokee Police Chief Paul Norman, and Cherokee Police Officer Jerry McClurg waive their rights to contest in personam jurisdiction by failing to raise this defense in a pre-answer motion or their answer?

(2) Did the circuit court properly assert in personam jurisdiction over Colbert County, Colbert County Sheriff Ronnie May, and Colbert County Deputy Bill Mays?[3]

**STANDARD OF REVIEW**

¶6.     "The standard of review for jurisdictional questions is de novo. *McCain Builders, Inc. v. Rescue Rooter, LLC*, 797 So. 2d 952, 954 (Miss. 2001). In reviewing questions of jurisdiction this Court is in the same position as the trial court, since all the facts are set out in the pleadings or exhibits. *McDaniel v. Ritter*, 556 So. 2d 303, 308 (Miss. 1989)." *Yatham v. Young*, 912 So. 2d 467, 469 (Miss. 2005).

**ANALYSIS**

**I.      Did City of Cherokee, Cherokee Police Chief Paul Norman, and Cherokee Police Officer Jerry McClurg waive their rights to contest in personam jurisdiction by failing to raise this defense in a pre-answer motion or their answer?**

¶7.     Plaintiffs insist that the record reflects an absence of objection to in personam jurisdiction, *see* Miss. R. Civ. P. 12(b)(2), by these particular defendants in either a pre-answer

_____

[3]At oral argument, counsel for plaintiffs conceded that the cause of action does not extend to any defendant in their individual capacity. Accordingly, we will direct the circuit court to dismiss with prejudice defendants Paul Norman, Jerry McClurg, Ronnie May, and Bill Mays, in their individual capacities, *see* Conclusion *infra*, and this Court's analysis will be limited to official capacity alone.

motion[4] or their separate answer. The separate answer of these defendants, filed on May 13, 2003, admits jurisdiction is proper in the circuit court.[5] Rule 12(h)(1) of the Mississippi Rules of Civil Procedure states:

> [a] defense of lack of jurisdiction over the person ... is *waived* (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by a motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Miss. R. Civ. P. 12(h)(1) (emphasis added). *See also **Rockaway Commuter Line, Inc. v. Denham***, 897 So. 2d 156, 159 (Miss. 2004) ("Rockaway has done nothing under Rule 12(h) to surrender its right to object to personal jurisdiction. It could not have violated Rule 12(h)(1), because it never made any pre-answer motions; and when it did give its answer, it included the motion to dismiss for lack of personal jurisdiction."). As such, plaintiffs contend that these particular Appellants waived the lack of personal jurisdiction defense.

¶8. City of Cherokee, Cherokee Police Chief Norman, and Cherokee Police Officer McClurg assert that their lack of personal jurisdiction defense was properly preserved. In support thereof, they point to the motion for summary judgment, filed on January 27, 2005, which claims "[t]he Court lacks personal jurisdiction over the City of Cherokee, Alabama and Cherokee Police Chief Paul Norman, neither of whom is a resident of the State of Mississippi

---

[4]The record does not reflect any pre-answer motions filed by these particular defendants.

[5]This is in contrast to the answers of Colbert County, Colbert County Sheriff May, and Colbert County Deputy Mays, all of which contained defenses claiming the circuit court lacked personal jurisdiction.

and both of whom lack sufficient minimum contacts with the State of Mississippi to justify assertion of personal jurisdiction."

¶9. The motion for summary judgment was filed over twenty (20) months after the separate answer, which expressly admitted personal jurisdiction, was filed. In the absence of a pre-answer motion, answer, or subsequently amended answer objecting to in personam jurisdiction, this Court finds that the Rule 12(b)(2) lack of jurisdiction over the person defense was *waived* by defendants City of Cherokee, Police Chief Norman, and Officer McClurg.

II. **Did the circuit court properly assert in personam jurisdiction over Colbert County, Colbert County Sheriff Ronnie May, and Colbert County Deputy Bill Mays?**

¶10. The plain and unambiguous language of Miss. Code Ann. Section 13-3-63 establishes that Deputy Mays and Officer McClurg, are subject to personal jurisdiction in the circuit court.[6] Section 13-3-63 provides:

> [t]he *acceptance by a nonresident* of the *rights and privileges* conferred by the provision of this section, *as evidenced by his operating*, either in person or by agent or employee, *a motor vehicle upon any ... highway of this state ...* or the operation by a nonresident of a motor vehicle on any ... highway of this state ... other than under this section, *shall be deemed equivalent to* an appointment by such nonresident of the Secretary of State of the State of Mississippi to be his true and lawful attorney, upon whom may be served all

---

[6]As the in personam jurisdiction issue is analyzed under Miss. Code Ann. Section 13-3-63, which provides the jurisdictional basis for the suits against the *drivers*, this Court declines to address comity. Miss. Code Ann. Section 13-3-63 negates the necessity of discussing and analyzing the Mississippi long-arm statute (Miss. Code Ann. Section 13-3-57) and the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Mississippi Constitution. Comity also can be a consideration under the second prong of ***International Shoe Co. v. Washington*** due process analysis requiring that the exercise of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting ***Milliken v. Meyer***, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)). As this Court does not address due process, comity is likewise not addressed.

6

lawful processes or summonses in any action or proceeding against him, growing out of any accident or collision in which said nonresident may be involved while operating a motor vehicle on such ... highway ... and said acceptance or operation shall be a signification of his agreement that any such process or summons against him which is so served shall be of the same legal force and validity as if served on him personally. ...

Any cause of action arising out of such accident or collision against any such nonresident, in case of the death of such nonresident, shall survive ... and service of all necessary and lawful process or summons, when had or obtained upon any such nonresident owner, nonresident operator or agent or employee ... in the manner as hereinbefore provided, for the service of all lawful processes or summonses, herein, shall be deemed sufficient service of process or summons to give any court of this state, in which such action may be filed in accordance with the statutes of the State of Mississippi, *jurisdiction over the cause of action* and over the nonresident owner*, nonresident operator* or agent or employee, or the nonresident executor, or administrator of such nonresident owner or nonresident operator*, defendant* or defendants, *and shall warrant and authorize personal judgment against such* nonresident owner*, nonresident operator*, agent, employee, executor or administrator or other legal representative of the estate of such nonresident owner or nonresident operator, *defendant* or defendants, *in the event the plaintiff in such cause of action shall prevail.*

Miss. Code Ann. Section 13-3-63 (emphasis added). *See also **Nationwide Mut. Ins. Co. v. Tillman**,* 249 Miss. 141, 162, 161 So. 2d 604, 612 (1964) (the purpose of this act is "subject[ing] to the jurisdiction of ... Mississippi courts nonresidents who are concerned or involved in [the] operation of automobiles within this state" and "afford[ing] a nonresident defendant, who has sustained a wreck due to the operation of an automobile within this state, the opportunity to adequately defend himself in a suit arising therefrom."). By operating vehicles in the State of Mississippi, Deputy Mays and Officer McClurg separately subjected themselves to the personal jurisdiction of Mississippi courts for actions arising out of accidents which occur in this state.

¶11. The facts plainly establish that neither Colbert County or Sheriff May entered upon the highways of Mississippi, involved themselves in efforts to stop the fleeing felons, or in any other way subjected themselves to jurisdiction under Miss. Code Ann. Section 13-3-63. Therefore, we proceed with a long-arm analysis to determine if jurisdiction can be conferred upon them under the Mississippi long-arm statute, *see* Miss. Code Ann. Section 13-3-57. Assuming arguendo that a tort in whole or in part was committed within the state by them, we must also find that minimum contacts exist. *See **International Shoe Co. v. Washington***, 326 U.S. at 316. Not finding the latter, this Court concludes that Colbert County and Sheriff May are *not* subject to personal jurisdiction in Mississippi. *See **id***.

## CONCLUSION

¶12. This Court finds that City of Cherokee, Cherokee Police Chief Paul Norman, and Cherokee Police Officer Jerry McClurg *waived* their objections to personal jurisdiction; and Colbert County Deputy Bill Mays is subject to personal jurisdiction by virtue of Miss. Code Ann. Section 13-3-63. Colbert County and Colbert County Sheriff Ronnie May are *not* subject to the personal jurisdiction of the circuit court, as neither committed a tort in whole or in part within the State of Mississippi nor entered upon the highways of the State of Mississippi. Therefore, this Court (1) affirms the circuit court's order to the extent that it denied the motion of City of Cherokee, Cherokee Police Chief Paul Norman, Cherokee Police Officer Jerry McClurg, and Colbert County Deputy Mays; (2) reverses the circuit court's order to the extent that it denied the motion of Colbert County and Colbert County Sheriff Ronnie May; and (3) remands this case to the circuit court with directions that it (a) dismiss the plaintiffs' complaint and this action with prejudice as to defendants Paul Norman, Jerry McClurg, Ronnie

8

May, and Bill Mays, in their individual capacities; (b) dismiss the plaintiffs' complaint and this action against Colbert County and Colbert County Sheriff Ronnie May for lack of personal jurisdiction over those two defendants; and (c) for further proceedings against the remaining defendants consistent with this opinion.

¶13.    **AFFIRMED IN PART; REVERSED AND REMANDED IN PART**.

**SMITH, C.J., WALLER AND COBB, P.JJ., DIAZ, CARLSON AND DICKINSON, JJ., CONCUR.  GRAVES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. EASLEY, J., NOT PARTICIPATING.**